CHIASSON, Judge.
Plaintiff-appellee, Bourg Dry Dock & Service Co., Inc. (Bourg), instituted this action against Lombas Industries, Inc., defendant-appellant, for the balance allegedly due on an open account. Bourg performed certain services on the vessel, M/V Mid *204 night Sun, at its dry dock facility between February 1 and February 3, 1979.
An invoice for services listing the cost of labor and the cost of materials was furnished to the appellant following completion of the work in the amount of $3,844.65. A check dated February 5, 1979 made by Lombas Industries, Inc. in the amount of $2,000.00 was given to Bourg for payment on this account. Bourg, through its counsel, made demand on the appellant for payment of the balance due in the amount of $1,884.65. Receiving no response, Bourg instituted this suit on June 27, 1979 for the balance due and for attorney’s fees as provided for in La.R.S. 9:2781.
Defendant-appellant answered the suit with a general denial and a denial based on allegations that the work and services performed by Bourg were improper and inadequate and the charges were excessive.
At trial Bourg introduced the invoice showing the amount due and a copy of the check showing that the appellant had paid $2,000.00 on the account. Appellant has not denied that it contracted with Bourg to perform such services nor that it paid $2,000.00 on the account. Nor did the appellant offer any evidence to show that the amount was excessive or that the services were inadequate or improper.
Two days before trial, appellant amended its answer with leave of court stating that the M/V Midnight Sun was owned by Lom-bas Inshore Marine Services, Inc., and the sum allegedly owed should come from that corporation. At trial defendant introduced evidence as to the ownership of the vessel and attempted to introduce evidence to the effect that the owner of the vessel owed the balance on the account. The trial court limited appellant’s inquiry into this matter.
Appellant’s only contention on appeal is that the trial court erred in limiting his introduction of evidence as to an issue not presented at a pretrial conference.
Article 1551 of the Code of Civil Procedure reads as follows:
“In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:
(1) The simplification of the issues;
(2) The necessity or desirability of amendments to the pleadings;
(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted;
(4) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
(5) The limitation of the number of expert witnesses; or
(6) Such other matters as may aid in the disposition of the action.
“The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.”
The trial court had issued a pretrial order in this case narrowing the issues. That order controls the subsequent course of action unless modified at the trial to prevent manifest injustice. The trial judge refused to modify his order. Much discretion is left to the trial judge in this matter. As was stated in Brown v. Hawkins, 244 So.2d 896, 899 (La.App. 1st Cir. 1971):
“* * * An orderly disposition of each case and of the entire docket and the avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of an action.”
See: Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973).
Since the parties had limited the issues with the pretrial conference and the pretrial order to the excessiveness of the charges and the adequacy of the services, *205 the trial court did not abuse its discretion in limiting the appellant to those issues.
For these reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.