DOUCET, Judge.
This is a wrongful death and survival action, which was brought by four of the five surviving children of Mrs. Jessie Ann Vinson Morgan, who died on April 21,1977, following a fall at the Westwind Mission of the Westside Baptist Church of Natchitoch-es, Louisiana. Plaintiffs alleged that Mrs. Morgan broke her hip when she fell and that she died of complications after undergoing surgery to repair it. They named as defendants the church and its insurer, Hartford Accident & Indemnity Company. Following a trial, the district court rendered judgment in favor of the defendants, dismissing plaintiffs’ suit. Plaintiffs appeal.
The evidence shows that on April 17, 1977, Mrs. Morgan attended a worship service at the Westwind Mission of the West-side Baptist Church. The mission facility, which was formerly a hunting lodge, is located near Campti in Natchitoches Parish. After the service had ended, Mrs. Morgan walked down a long hall to the ladies’ restroom. A door at the end of the corridor opens into a cloak or gown room, which provides access to the restrooms. The floor in the cloak room is eight inches lower than the floor in the hall. Mrs. Morgan apparently did not notice the drop, which caused her to trip and fall.
Plaintiffs alleged in their petition that Mrs. Morgan’s injuries and death were the result of the church’s having failed to properly maintain the building by (a) failing to maintain warning signs to advise those on the premises of the drop in the floor level, (b) failing to maintain proper lighting at the place where the floor level changed, and (c) maintaining a trap in the form of a sudden, unmarked and unlighted drop in the floor level. At the trial, they presented the testimony of Mr. Robert E. Smith, a certified architect, who said that the drop did not conform to safety standards set down by the National Fire Protection Association. Upon examining the site of the accident, he found that although the lighting was adequate, the drop was too near the door into the cloak room, and it exceeded the recommended six inch maximum. Mr. Smith also felt that the color or texture of the floors in the two rooms should have been contrasted to call attention to the change in levels.
The trial judge found that despite the fact that the building, which was constructed long ago, did not conform to the most current architectural design standards, the drop was visible, and it did not constitute a trap. He noted that between the time that services were first held in the church in January of 1976 and the time of the accident, 5,000 to 7,500 people had used the facilities without incident. He concluded that the tragic accident had resulted from the fact that Mrs. Morgan, who was elderly but self-sufficient and possessed of reasonably good eyesight, had negligently failed to maintain a proper lookout.
On appeal, plaintiffs argue that the trial judge erred by relying on general rules of negligence under LSA-C.C. Art. 2315, rather than on the principles of legal fault under LSA-C.C. Arts. 2317, 2318, 2320, 2321, and 2322, as construed by the Louisiana Supreme Court in Loescher v. Parr, 324 So.2d 441 (La.1975). We find no merit in that argument. Although the trial judge did not specifically mention Loescher and its progeny in his written reasons for judgment, he clearly found that the drop in the floor level did not constitute a trap or defect in the building. • As counsel for plaintiffs acknowledges in his brief, a finding that the building contains a defect, which creates an unreasonable risk of harm to others, is essential for the principles of legal fault to apply. Rappattoni v. Commercial Union Assurance Company, 378 So.2d 953 (La.App.3rd Cir. 1979).
After carefully reviewing the evidence in the record, we cannot say that the trial judge was clearly wrong in finding that the building was not defective. Thus, we find no error in his conclusion that the defendants are not. liable either under the theory of negligence, which is set out in plaintiffs’ brief, or under the theory of legal fault, which they now urge.
*501 For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the plaintiffs-appellants.
AFFIRMED.
FORET, J., dissents.