402 So.2d 640 (1981)
Ernest MORGAN, et al.
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al.
No. 81-C-0204.
Supreme Court of Louisiana.
June 22, 1981.
Rehearing Denied September 4, 1981.
Gerard F. Thomas, Jr., Thomas & Dunahoe, Natchitoches, for plaintiffs-applicants.
William P. Crews, Jr., of Watson, Murchison, Crews, Arthur & Corkern, Natchitoches, for defendants-respondents.
CALOGERO, Justice.
This wrongful death and survival action presents several issues: whether defendant Westside Baptist Church was negligent in failing to warn its patrons of an eight inch step down between two rooms in the building; whether, in the absence of defendant's negligence, defendant is strictly liable for *641 any injuries caused by a defect in the building; whether contributory negligence is a defense to strict liability; whether the deceased, Mrs. Morgan, was contributorily negligent in failing to keep a proper lookout, and in falling; and whether plaintiff's survival action is barred by prescription.
Plaintiffs, four children of Mrs. Jessie Morgan, brought this wrongful death and survival action against defendant Westside Baptist Church and its insurer to recover damages sustained by their mother, Mrs. Morgan, and themselves, when Mrs. Morgan fell in defendant's building suffering injuries that eventually resulted in her death. On April 17, 1977 Mrs. Jessie Morgan accompanied her daughter, Doris Morgan Whitstine, to the Westside Baptist Church. Mrs. Morgan was not herself a regular member of the church but had been there on several prior occasions with her daughter who was a regular member. Services were held from approximately noon until 12:30 p. m. on that day. After services there was a luncheon served outside. At the end of lunch, Mrs. Morgan had to go to the restroom which was located in the gown room in the church. Mrs. Morgan had not had cause to use these facilities prior to this occasion. Mrs. Morgan could have reached the gown room from outside but since she was much closer to the front door she entered the church through the front door and proceeded down the hallway to the gown room. When she reached the doorway between the hallway and the gown room, where the eight inch step down is located, she tripped and fell. As a result of the fall Mrs. Morgan suffered a broken hip and, because of further complications after surgery for the hip injury, Mrs. Morgan died. The fall occurred on April 17, 1977. Mrs. Morgan died on April 21, 1977. Suit was filed on April 20, 1978.
Defendants responded to the suit with an exception of prescription which was overruled. After trial on the merits, judgment was returned in favor of defendants apparently based on consideration of the case under La.Civ.Code art. 2315 only. The trial judge found that defendant was not negligent and that in any event Mrs. Morgan was contributorily negligent. The Court of Appeal affirmed, 391 So.2d 499.
We granted writs to determine whether the building was defective and defendant strictly liable under La.Civ.Code art. 2317 notwithstanding the absence of negligence on the part of defendant. Morgan v. Hartford, 396 So.2d 1327 (La.1981).
In reviewing this case, we find that, not only is defendant strictly liable for damages sustained by Mrs. Morgan as a result of her fall in defendant's building because of a defect in the structure, but additionally that defendant was in fact negligent in its failure to warn of this hazardous condition.
La.Civ.Code art. 2317 provides in pertinent part as follows:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable or of the things which we have in our custody."
The legal requirements for imposing liability under Article 2317 have been described by this Court in Jones v. City of Baton Rouge, 388 So.2d 737 (La.1978) as follows:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others."
Additionally, in Shipp v. City of Alexandria, 394 So.2d 267 (La.1981), this Court further explained that:
"An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in *642 the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect."
In the instant case, the parties have not disputed the fact that the building was under the care and custody of defendant Westside Baptist Church. The building had been owned and operated by defendant as a church since January 1976.[1] Moreover, it is clear that Mrs. Morgan's injury was caused when she stepped from the hallway to the gown room where the eight inch drop was located. Her daughter also testified that when she heard about the fall and ran to tend to her mother her mother told her that "she just didn't see the step and she fell." Thus the only issue remaining for our consideration is whether the plaintiffs met the burden of proving by a preponderance of the evidence that the eight inch drop off occasioned an unreasonable risk of injury.
Plaintiffs established by unrebutted evidence that the eight inch step down violated the Life Safety Code in two respects: the door was not far enough away from the step;[2] and the step itself exceeded the maximum height for steps. Plaintiffs also showed that the floor in the hallway and the floor in the gown room (standard grey concrete) were exactly the same color and texture making it difficult if not impossible for the approaching patron to discern the difference in levels of the floor. Plaintiffs presented an architect who testified that it appeared to him, upon examination of this passageway, that there was no drop separating the two rooms. Finally, it was established that there was no warning informing one approaching the passageway that there was an unusual condition, nor was there a highlight of the area to make it more visible, both remedies which could have been easily provided without affecting the utility of the passageway. In view of the above evidence, and in addition to the fact that the building in question is a church where strangers are often in attendance, we find that this unexpected drop between two rooms in the building without attendant warning presented an unreasonable risk of injury. Therefore, defendant is liable, under La.Civ.Code art. 2317, for the injuries sustained by Mrs. Morgan and her survivors.
For the same reasons which prompt us to conclude that the eight inch drop presented an unreasonable risk of injury making defendant strictly liable for the resulting injuries occasioned by this defective condition, if required to do so, we would conclude that defendant was negligent in failing to warn of this unexpected condition.
The owner of a building, although he does not have a duty to insure against the possibility of all accidents on his premises, does have a duty to act reasonably in view of the probability of injury to others. Shelton v. Aetna, 334 So.2d 406 (La.1976). In the instant case, the eight inch drop between the two rooms presented an unexpected condition and, because of the identical texture and color of the floors in both rooms, a condition that was difficult to discern for the unwary patron. Thus it could easily be concluded that one might trip and fall because of this unexpected drop. The precautionary measure of either warning of the drop or highlighting the area would have been virtually costless and would not have interfered with the use of the passageway. Therefore, failure to take such a precautionary measure was unreasonable when *643 balanced against the possibility of accidents resulting from the drop off, and it was a breach of the defendant's duty to its invited guests.
After reviewing the record to determine whether the deceased's contributory negligence could be a defense to plaintiff's action, we conclude that the record simply does not support a finding of contributory negligence on the part of Mrs. Morgan. Therefore, we do not address the question of whether contributory negligence may serve as a defense to strict liability.[3]
There is no evidence in the record of contributory negligence on the part of Mrs. Morgan. Mrs. Morgan was 83 years old but lived by herself and got around fine on her own without assistance. Mrs. Morgan did require the use of glasses but was wearing the glasses at the time of the accident. There is no evidence in the record that Mrs. Morgan was drinking at the luncheon or was having any difficulty functioning on that day. In fact, there is no proof that the deceased did anything but walk down the hall to the gown room and fall over the sudden drop in floor levels.
The burden of proving contributory negligence is on the defendant and the test is the same for proof of primary negligence: that is, did the person's conduct fall below the standard to which a person should conform for his own safety and protection; the standard of a reasonable man in like circumstances. Defendant has simply not met its burden by the evidence presented in this case, and therefore we conclude that the trial court and court of appeal were clearly wrong in holding otherwise.
Finally, defendant contends that the plaintiffs' survival action should be barred by prescription. Defendant argues that since the accident happened on April 17, 1977, and suit was not filed until April 20, 1978 the action has prescribed.
La.Civ.Code art. 2315 is clear on this point and contrary to defendant's argument. La.Civ.Code art. 2315 provides in pertinent part as follows:
"...
"The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the spouse.

"The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: ....
"..." (emphasis provided)
While it is true that the accident occurred on April 17, 1977, Mrs. Morgan did not die until April 21, 1977, giving the survivors until April 21, 1978 to file their suit.[4] Therefore, the action had not prescribed although not filed until April 20, 1978.

Decree
For the foregoing reasons, we hold that defendant is liable to plaintiffs for injuries sustained as a result of Mrs. Morgan's fall in defendant's building, and further, that Mrs. Morgan was not contributorily negligent. Therefore, the lower court judgments are reversed and the case is remanded to the Court of Appeal for that court to fix damages.
REVERSED; REMANDED.
NOTES
[1] Prior to defendant's purchase of the building, it had been used as a hunting lodge and it housed game birds in pens. After defendant purchased the building, it was renovated to facilitate its use as a church. In the course of renovations, the eight inch step down between the hall and the gown room was not altered.
[2] There was a door at the passageway between the hall and the gown room. The door was located at the edge of the drop on the hall or high side and it opened into the gown room. The effect of this positioning of the door was that the drop was not at all evident when the door was closed and the unsuspecting patron, while opening the door, would step off the drop. The Life Safety Code requires that, in these situations where there is a door by a step, a distance of the width of the door be left between the door and the step.
[3] The question of whether contributory negligence can serve as a defense in a strict liability case has recently been considered by this Court in Dorry v. Lafleur, 399 So.2d 559 (La.1981), and answered affirmatively in a plurality opinion. Application for rehearing is pending.
[4] For a more in depth discussion of this issue see Johnson, Death on the Callais Coach: The Mystery of Louisiana Wrongful death and Survival actions, 37 La.L.Rev. 1 (1976).