412 So.2d 159 (1982)
Lennie H. WALKER, et al., Plaintiffs-Appellants,
v.
JAMES W. SALLEY, INC., et al., Defendants-Appellees.
No. 8598.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1982.
Rehearing Denied April 29, 1982.
Writ Denied June 11, 1982.
*160 Pharis & Pharis, F. Jean Pharis, Alexandria, for plaintiffs-appellants.
Provosty, Sadler & deLaunay, Ronald J. Fiorenza, Alexandria, for defendants-appellees.
Before FORET, CUTRER and DOUCET, JJ.
CUTRER, Judge.
Mrs. Lennie H. Walker and her husband seek damages for personal injuries, sustained when Mrs. Walker tripped and fell on the premises owned by the defendant, James W. Salley, Inc., and insured by defendant, Insurance Company of North America. The trial judge rendered judgment in favor of defendants. Plaintiffs appeal. We affirm.
The facts presented in this case are as follows:
Mrs. Walker and her husband were both employed by Howard Brothers Discount Store (Howard's) in Alexandria. Mrs. Walker had been so employed for 7½ years. Her employment ended each day at 5:00 P. M. Her husband had to work until 6:00 P. M.
James W. Salley, Inc. (Salley's) operated Salley's Food Store which was located near Howard's, being approximately one block away. Howard's and Salley's are part of a shopping area. It was customary for Mrs. Walker to shop for groceries at Salley's after 5:00 P. M. while waiting for her husband to get off work. She had been doing so during the 7½ years that she had been employed at Howard's. She testified that she usually walked from Howard's to Salley's. After completing her shopping she would return to Howard's to meet her husband.
On March 19, 1979, Mrs. Walker completed her work at Howard's. She walked to Salley's to do some shopping. After purchasing a few items, she left the front door of Salley's and walked down the porch of the store toward Howard's. Approximately 55 inches from the end of the porch is located a curb or bumper made of concrete 5" high and 6" wide. This curb or bumper was installed as a restraining barrier to prevent vehicles from striking the side of Salley's. The curb had been in existence for several years.
Mrs. Walker testified that as she proceeded from Salley's store, she was carrying one bag of items and her purse. As she approached the curb, she stated as follows:
"Q. All right. Will you tell the Court what happened as you left the canopy or left the porch of Salley's Store?
"A. As I walked off the end of the store, out at the end, I stepped down. And then, there's.... this little curb there that I started to step over, and my foot was, got caught on that curb and it, and I fell.

"Q. All right. Your foot got caught on the curb and you fell?
"A. Yes, sir."
She was injured in the fall.
Mrs. Walker also testified that she was well aware of the existence of the curb. She had traversed the same area on other occasions as she went from Howard's to Salley's for shopping purposes. It was daylight at the time of the accident. Mrs. Walker stated that her vision was not impaired.
The trial judge, in his reasons for judgment, stated, in part, as follows:
"Therefore, since Mrs. Walker was fully aware of the curb, and in fact saw it and tried to step over it, this Court finds that the curb did not present an unreasonable risk of harm to her."
The trial judge also stated that Mrs. Walker failed to exercise reasonable care under the circumstances presented and that such failure was the cause of her accident.
On appeal, Mrs. Walker contends that this suit is governed by LSA-C.C. art. 2317 *161 (strict liability). Mrs. Walker also contends that contributory negligence (victim fault) is no longer a defense to a 2317 suit under Dorry v. LaFleur, 399 So.2d 559 (La.1981). We agree that this suit is governed by LSA-C.C. art. 2317 in view of not only Dorry, but also the recent case of Morgan v. Hartford Acc. & Indem. Co., 402 So.2d 640 (La.1981). However, we do not reach the issue of contributory negligence as a defense since Mrs. Walker failed to prove that the curb was defective or created an unreasonable risk of harm.
Also, art. 2317 was applied in the determination of the case of Morgan v. Hartford Acc. & Indem. Co., supra. That case was a wrongful death action resulting from a fall in a church by the deceased when she fell at an 8" stepdown between two rooms. The court held that under the facts, the stepdown presented an unreasonable risk of harm to the deceased.
In the case at hand, the record fully supports the trial judge's conclusion that this curb did not present an unreasonable risk of harm to Mrs. Walker.
The curb was only 5" high by 6" wide. It was easily discernable to anyone traversing the area. Mrs. Walker was well aware of the existence of the curb. She had successfully traversed the area many times. She saw the curb on the day in question, attempted to traverse it, misjudged her step or footing and tripped. The fact that Mrs. Walker fell does not elevate the condition of the curb to that of an unreasonable dangerous vice or defect. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). Mrs. Walker has failed to prove a necessary element as required by the strict liability cases.
In Shipp v. City of Alexandria, supra, at 728, the court held as follows:
"We have described the legal foundation for imposing liability under art. 2317 in the following terms:

When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.

Jones v. City of Baton Rouge, 388 So.2d 737, 739 (La.1978), citing Loescher v. Parr, supra, at 446. An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Once these elements are proven, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Jones v. City of Baton Rouge, supra; Loescher v. Parr, supra." (Emphasis added.)
Having failed to prove that the curb created an unreasonable risk of harm to her, Mrs. Walker cannot recover under Louisiana Civil Code art. 2317.
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff-appellant is to pay costs of this appeal.
AFFIRMED.
FORET, J., concurs in the result.