413 So.2d 352 (1982)
Esther GREENHOUSE, Plaintiff-Appellant,
v.
GREAT SOUTHWEST FIRE INSURANCE COMPANY, Defendant-Appellee.
No. 8760.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Rodney Rabalais, Marksville, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, Victor H. Sooter, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
LABORDE, Judge.
Esther Greenhouse seeks damages for personal injuries sustained when she slipped and fell on a sidewalk in the custody of the Town of Marksville. The Town was insured by the defendant, Great Southwest Fire Insurance Company. The trial judge rendered judgment in favor of the defendant. Plaintiff appeals. We affirm. We conclude that plaintiff failed to prove the sidewalk was defective, that is that it created an unreasonable risk of harm to her.
Esther Greenhouse, on the date of the accident, September 2, 1980, was walking in a northerly direction on the sidewalk on the east side of North Washington Street in the Town of Marksville. She carried a bag of groceries and was accompanied by her two (2) minor daughters. She slipped and fell at a point between Steve's Auto Parts and "The Weekly News" office. At the location of her fall, the sidewalk slants downward toward the street due to a driveway that crosses the sidewalk. As a result of her fall plaintiff sustained a fracture of the fifth (5th) left metatarsal head of her left foot.
Plaintiff's testimony relative to the condition of the sidewalk, given in response to her attorney's questions, follows:
"Q. O.K. so you were walking along North Washington Street in the direction from The Weekly News to Steve's Auto Part, is that correct?
A. Yes, sir.
Q. What kind of day was it, Mrs. Greenhouse? Was it wet, rainy,was it dry, sunny?
A. No, it was dry; it was sunny.
Q. There was no water on the sidewalk?
A. No.
Q. Did you travel that sidewalk very often?
A. Not too often.
Q. O.K. Mrs. Greenhouse, could you tell me what happen on that day, what kind of accident you had?
A. Well, I was walking, and I just fell and slipped.

*353 Q. Do you know what caused your fall?
A. Not exactly.
Q. You lost your footing on the sidewalk?
A. Yes, sir. I slipped and fell.
Q. Was the sidewalk level? Was its surface slanted?
BY MR. VIZZIER: (Defense Counsel)
Your honor, I'm going to object; he's leading the witness.
Q. Could you describe the part of the sidewalk that you slipped on?
A. Yes, I can. The walk is not even; it's notit has a slide; it's not even; it do have a slide there.
Q. Did you hurt yourself as a result of this fall?
A. Yes, sir, I did.
Q. What kind of damages did you sustain?
A. Well, I fractured my foot."
Plaintiff also testified that the accident occurred in the afternoon, between 4:00 and 4:30 P.M.; that it was still daylight; that her vision was not impaired; and that she was not distracted in any manner. The testimony of plaintiff's minor daughters was only that their mother slipped and fell.
Photographs of the area show that the site of the fall was simply a driveway crossing the sidewalk. The incline across the sidewalk is from the street level to the level of the drive a total of approximately 8 inches. The photographs do not reveal any imperfections in the construction of the sidewalk or of the driveway nor do they reveal any imperfections in or deterioration of the concrete surface.
The trial judge found that the plaintiff failed to prove the existence of a defect stating:
"... I don't see that there's been any proof here today that there is an unreasonable risk of injury to another by virtue of this sidewalk construction or existence."
On appeal, plaintiff contends that this suit is governed by LSA-C.C. art. 2317 (strict liability). We agree. Recently our Supreme Court in Shipp v. City of Alexandria, 395 So.2d 727 (La.1981) described the legal foundation for imposing liability under article 2317 in the following terms:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.

Jones v. City of Baton Rouge, 388 So.2d 737, 739 (La.1978), citing Loescher v. Parr, supra [324 So.2d 441] at 446. An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Once these elements are proven, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Jones v. City of Baton Rouge, supra; Loescher v. Parr, supra."
In the case under consideration, the record fully supports the trial judge's conclusion that the sidewalk and driveway across the sidewalk presented no unreasonable risk of harm to plaintiff.
The driveway slanting across the sidewalk is easily discernable to anyone traversing the area. Plaintiff had used the sidewalk before. The weather was sunny, the sidewalk was dry and it was broad daylight. The fact that plaintiff fell does not elevate the condition of the sidewalk to an unreasonably *354 dangerous vice or defect. Shipp v. City of Alexandria, supra. We conclude that plaintiff has failed to prove the necessary elements required for recovery under article 2317. See Walker v. James W. Salley, Inc., 412 So.2d 159 (La.App. 3rd Cir. 1982).
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's cost.
AFFIRMED.