ARMSTRONG, Judge.
Plaintiff, Mary Parker, filed suit on April 17, 1984 against the Audubon Park Commission (“Audubon”), Wendy’s of New Orleans, Inc. (“Wendy’s”) and their respective insurers for damages she sustained when she fell while visiting the Audubon Park Zoo. Following a trial on the merits, the trial court granted Wendy’s motion for a directed verdict and ruled in favor of Audubon on the merits. Plaintiff has limited her appeal to the trial court’s judgment on the merits in favor of Audubon. We affirm.
The record reflects that on April 23, 1983, plaintiff went to the Audubon Park Zoo with her son and two grandchildren and while at the zoo went to Wendy’s Wildlife Theater to observe a performance. After entering the theater she proceeded along a walkway leading through the en *642 trance to the theater in order to get her grandchildren some refreshments. Upon returning with the refreshments, she found the walkway so crowded as to be virtually unpassable, so she walked up the grassy hill adjacent to the theater in order to reach her grandchildren. After delivering the refreshments she proceeded back down the hill, but after only a few. steps she fell and chipped a bone in her elbow. There is no indication in the record as to what caused plaintiff to fall, and plaintiff offered no evidence tending to show that the hill itself was unsafe for walking.
On appeal plaintiff argues that she presented a prima facie case of negligence which the defense did not rebut. More specifically, she argues that but for the fact that the aisles were blocked, she would not have walked on the hill and would not have gotten hurt. She also argues that Audubon should be held strictly liable for plaintiffs injuries as it violated an Orleans Parish ordinance prohibiting a theater owner from permitting or suffering any person to stand, gather or congregate in the aisles of the theater.
It is well settled that under either a negligence theory of liability or strict liability, a plaintiff has the burden of proving that the thing involved in the causation of the injury presented an unreasonable risk of harm, i.e., was defective. Kent v. Gulf States Utilities, Co., 418 So.2d 493 (La.1982); Carter v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1248 (La.1985); Greenhouse v. Great Southwest Fire Ins. Co., 413 So.2d 352 (La.App. 3rd Cir.1982).
The plaintiff herein failed to prove that the hill she was walking on when she fell presented an unreasonable risk of harm. She has failed, therefore, to establish liability on the part of the defendant.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.