395 So.2d 727 (1981)
Edgar M. SHIPP et ux.
v.
CITY OF ALEXANDRIA et al.
No. 80-C-1901.
Supreme Court of Louisiana.
March 2, 1981.
Howard B. Gist, III, Gist, Methvin, Hughes & Munsterman, Alexandria, for defendants-applicants.
Stephen E. Everett, Law Offices of Stephen E. Everett, Alexandria, for plaintiffs-respondents.
MARCUS, Justice.
This suit involves a claim for damages for personal injuries sustained by Zilphia Ruth Shipp when she stepped off a curb onto an alleged defective area of the street and fell. Mrs. Shipp and her husband, Edgar M. Shipp, filed suit against the City of Alexandria and its insurer, Maryland Casualty Company, alleging that her injuries were caused by the negligence of the city to maintain its property in a condition safe for public use. The city answered generally denying the allegations of the petition and further answered by denying any "actual or *728 constructive" notice of the alleged "depression or pothole" and by asserting that if it should be found liable, the contributory negligence and assumption of risk on the part of Mrs. Shipp would bar recovery.
The trial judge granted Maryland Casualty's motion for summary judgment grounded on the claim that its policy excluded coverage for accidents occurring as a result of defects in the streets and dismissed plaintiffs' suit as against it. After trial on the merits, the trial judge, relying on this court's decision in Loescher v. Parr, 324 So.2d 441 (La.1976), found strict liability on the part of the city under La.Civ.Code art. 2317 for the damages sustained by plaintiffs resulting from the fall of Mrs. Shipp caused by a "hole or expansion joint" in the street. The trial judge further found that there was "no evidence that the injury was caused by the fault on the part of the victim." Judgment was rendered in favor of the plaintiffs and against the city in the amount of $5,864.50 together with legal interest thereon from date of judicial demand until paid and all costs. The court of appeal affirmed.[1] Upon the city's application, we granted certiorari to review the correctness of that judgment.[2]
The facts are not in dispute. Mrs. Shipp had just emerged with her daughter and grandson from a law office located on DeSoto Street in Alexandria, Louisiana. It was about 10:30 in the morning and a sunny day. Mrs. Shipp was headed toward her daughter's car parked in the middle of the same block on DeSoto Street. As she was proceeding around the back of the car to get in the driver's side of the back seat, she stepped unassisted off the curb into the street. As she did, her left foot landed in a hole or crack in the street pavement. Her left ankle twisted and she fell. She was taken by her daughter to the emergency room at the hospital and then referred to an orthopedic surgeon for treatment for what was subsequently diagnosed as a sprain of the left foot.
Mrs. Shipp, who was 61 years of age and suffering from impaired vision due to a cataract in her left eye, stated that she did not see the hole before she fell and that she had impaired depth perception at the time. Plaintiff, her daughter and her grandson all testified that the hole appeared to be an inch and a half to two inches deeper than the surrounding concrete.
The courts below premised their finding of liability against the city on La. Civ.Code art. 2317, which provides in pertinent part:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
We have described the legal foundation for imposing liability under art. 2317 in the following terms:
When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.
Jones v. City of Baton Rouge, 388 So.2d 737, 739 (La.1978), citing Loescher v. Parr, supra, at 446. An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Once these elements are proven, the custodian can escape liability *729 only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Jones v. City of Baton Rouge, supra; Loescher v. Parr, supra.
In Jones v. City of Baton Rouge, supra, we held that municipalities and other public bodies may be found liable for damages for things in their custody, and that where delictual responsibility is based not on negligence but on legal fault under art. 2317, the fact of whether or not a public body had knowledge of the existence of the danger is irrelevant.
The parties have not disputed the fact that the street where Mrs. Shipp fell was under the care and custody of the city. Moreover, it is clear that Mrs. Shipp's injury was caused when she stepped off the curb onto a defective area of the pavement. The only issue remaining for our determination, then, is whether plaintiffs met the burden of proving by a preponderance of the evidence that the defective area occasioned an unreasonable risk of injury to Mrs. Shipp. We think not.
The only evidence offered at trial describing this alleged defect was the testimony of Mrs. Shipp, her daughter and her grandson and some photographs taken of the area approximately nine months after the accident. Mrs. Shipp and her relatives described the area as a "hole about an inch and a half to two inches deep." No evidence was offered as to the width of the "hole" or the height of the curb from which plaintiff stepped. Moreover, the photographs simply show a broken area in the pavement and do not assist us in determining the extent and nature of the alleged defect. Based on this evidence, we conclude that plaintiffs failed to prove that the defect in the street occasioned an unreasonable risk of injury to Mrs. Shipp. The fact that Mrs. Shipp fell does not elevate the condition of the street to that of an unreasonably dangerous vice or defect.
The facts of Jones v. City of Baton Rouge, supra, are clearly distinguishable from those in the instant case. In Jones, we found the City of Baton Rouge liable under art. 2317 to an injured party when a catch basin cover located in the middle of a city street unexpectedly gave way beneath the plaintiff, causing her to fall into the catch basin below. We considered the cover defective in the sense that the risk of falling four or five feet into a catch basin as a result of stepping down upon a solid firm metal surface was unreasonable. In the instant case, however, the plaintiffs have not shown that the area in the street where Mrs. Shipp fell was a defect in the sense that the risk of falling and suffering an injury due to this imperfection in the street pavement was so unreasonable as to justify the imposition of non-negligent liability. Hence, we conclude that the city is not liable under art. 2317 to plaintiffs for damages for injuries sustained by Mrs. Shipp. Inasmuch as we find no liability on behalf of the city, we need not reach the issue of whether the fault of the victim is a defense in the instant case. Under these circumstances, we find that the courts below erred in finding that plaintiffs met the burden of proving that the defective area in the street presented an unreasonable risk of injury to Mrs. Shipp.
Moreover, plaintiffs failed to meet the burden of proving that the city was negligent under La.Civ. Code arts. 2315 and 2316. Therefore, they are not entitled to recover under this theory of fault.
Accordingly, we must reverse the judgment of the court of appeal and dismiss plaintiffs' suit.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and judgment is rendered herein in favor of defendant, City of Alexandria, and against plaintiffs, Edgar M. Shipp and his wife, Zilphia Ruth Shipp, dismissing their suit at their cost.
LEMMON, J., concurs and assigns reasons.
DENNIS, J., dissents with reasons.
*730 LEMMON, Justice, concurring.
This case presents a minor imperfection in the street which involves some risk of harm. However, when the risk is weighed against the utility of the City's operation of public streets, I cannot say that the risk of harm is unreasonable. I therefore concur in the dismissal of plaintiff's suit.
DENNIS, Justice, dissenting.
I respectfully dissent.
The trial judge found that "[t]he evidence adequately demonstrates that the defect in question is an expansion joint, which through erosion, exposure and simple deterioration, has become a trap for the unwary." The photographs in our record are of poor quality. It is difficult to understand from whence this Court, which has available only a cold record and the poor quality photographs, derives the omniscience which enables it to say that the defect in question did not create an unreasonable risk of harm to the plaintiff. Perhaps, had she been a younger woman with better eyesight she would have escaped injury. However, even the aged, the very young, and the infirm ought to have the right to use city streets and be protected against unreasonable risks of harm to them.
Furthermore, since the trial judge in his reasons for judgment stated that the defect was of long standing, the plaintiff might properly recover under a theory of negligence. It is quite possible that the dangerous condition had existed for a sufficiently long period of time for the city to gain actual knowledge of the defect in the exercise of due diligence. Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430, 433 (La.1975). Thus, charged with constructive notice, the city breached its duty to repair and maintain the streets in a reasonably safe condition. Additionally, the trial judge found the victim without fault, though it must be noted, that a defendant's duty sometimes encompasses the risk of harm to careless plaintiffs as well. Rue v. State Dept. of Highways, 372 So.2d 1197 (La. 1979).
NOTES
[1] 392 So.2d 1078 (La.App. 3d Cir. 1980).
[2] 394 So.2d 267 (La.1980).