MARVIN, Judge.
In these consolidated cases, each judgment awarded damages respectively to the plaintiff-owner and to the plaintiff-driver of a soybean combine that overturned when a bridge in the parish road system collapsed. The defendant police jury appeals, raising the one assignment that the trial court erred in finding that the jury had actual or constructive notice of the defective timbers in the bridge and failed to correct the defects within a reasonable time.
Expert and lay testimony, as well as photographs, provided substantial evidence that defective timbers both existed for a long time before the collapse and that they caused the collapse which resulted in the damages sued for. The parish road superintendent of about two years, whose duties included the inspection of bridges in the parish road system, testified that he had never inspected this particular bridge. Additionally it was shown that within the few weeks before the accident the police jury dredged the canal under the bridge and traversed the bridge with its equipment and failed to notice the defective supporting timbers of the bridge.
We affirm each judgment, finding that they are not only supported on the negligence theory by substantial evidence,[1] but on the basis of the theory of strict liability which is applied to a public body charged with the care or custody of a defective thing that poses an unreasonable risk of harm to the public using that thing.[2]
*1323 For reasons assigned by the trial court, as here supplemented and supported, and at appellant’s cost, judgment is
AFFIRMED.[3]

. Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975).

. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981), recently summarized the law imposing strict liability. A plaintiff must prove that the thing which caused the damage was in the care of the defendant, that the thing was defective in that it posed an unreasonable risk of injury to another, and that the injury was caused by the defect. Once these elements are proved, the custodian can escape strict liability only by showing that the harm was caused by *1323 the fault of the victim, the fault of a third party, or by an irresistible force. Shipp, at p. 729. See also Smith v. Town of Logansport, 395 So.2d 888 (La.App. 2d Cir. 1981). Once the defect is shown to have existed for a long period of time, as in Pickens, cited in footnote 1, the plaintiff may likewise recover under the theory of negligence.
A bridge with cracked supporting timbers, even on a farm to market road, poses an unreasonable risk of a harm to the motoring public that uses the farm to market road. All of the elements which warrant a finding of strict liability are found here.

. In the absence of an answer to the appeal, we do not consider appellee’s argument to increase damages. Carroll v. Twin City Pontiac Used Cars, Inc., 397 So.2d 42 (La.App.2d Cir. 1981).