ELLIS, Judge:
This is a suit for damages for personal injuries brought by Amir H. Moazzami against the Board of Supervisors of Louisiana State University and its insurer. From a judgment dismissing his suit, plaintiff has appealed.
The accident happened when a large metal fire door closed on plaintiff’s left index finger, amputating it at the distal interpha-langeal joint. According to plaintiff, the door was open as he passed through it. He testified that: “I closed the door with my left hand, and just the door slammed on my finger so hard, so fast, like was a jiffy or something like that.”
The evidence reveals that the door in question was a metal fire door, separating a stairwell from the students’ rooms. Facing the door from the stairwell, the knob is on the right side of the door, which opens by swinging into the stairwell to the left. At the top of the door is a hydraulic closure device, designed to keep the door closed. When properly operating, the closure device will also prevent the door from being slammed. When the closure device is not connected, the door is free standing and must be pulled closed.
*1113 Plaintiff and his witnesses testified that the door had been standing open, prior to the accident, which happened as above detailed. On the day following the accident, plaintiff’s friends examined the door, and found the closure device to be disconnected. Shortly before the trial of the case, the device was found to be in place and operating properly. Maintenance records of the University show no complaints of trouble and no repairs performed on the door from a time prior to the accident, until the date of the trial.
The trial judge found that plaintiff had slammed the door on his hand, and was therefore contributorily negligent. In this court, plaintiff alleges that the court erred in finding him contributorily negligent; that the fact that the closure device was disconnected created an unreasonable risk of harm to those using the door; and that plaintiff should be able to recover under either Article 2695 or Article 2317 of the Civil Code.
In Shipp v. City of Alexandria, 395 So.2d 727 (La.1981), the court said:
“We have described the legal foundation for imposing liability under art. 2317 in the following terms:
‘When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former’s part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.’
“Jones v. City of Baton Rouge, 388 So.2d 737, 739 (La.1978), citing Loescher v. Parr, supra [324 So.2d 441], at 446 [La.1976]. An injured party seeking damages under art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Once these elements are proven, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Jones v. City of Baton Rouge, supra; Loescher v. Parr, supra.”
We agree with the district judge that a door does not create an unreasonable risk of harm to those who use it. We do not believe that the fact that a device which is designed to keep the door closed, may be disconnected, changes the character of a door so as to render it hazardous. It seems clear that plaintiff carelessly slammed the door on his hand, and that his fault is the sole cause of the accident.
The same is true of plaintiff’s claim that defendants are liable under Article 2695 of the Civil Code, which provides:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.”
We do not believe that the door, disconnected from its closure device, is a defect in the premises. We further find that plaintiff’s own failure to exercise due care is the cause in fact of the accident.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.