CRAIN, Judge.
This is an appeal of the judgment of the trial court in favor of the defendants, dismissing plaintiffs petition for damages.
Plaintiff, Michael L. King, a patron at Magoo’s Restaurant and Lounge in Baton Rouge, was injured at the lounge. The defendants remaining in the suit as of the time of the trial were Dale Repp and Lauren Repp, the owners of the lounge, Western World Insurance Company, the insurer of the lounge, and Emile M. Weber, the owner of the building.
The plaintiff’s petition alleges that while he was engaged in horseplay with another patron at the lounge, plaintiff was pushed against the front door of the premises so that his hand was between the door frame and the open door. The door immediately closed resulting in the amputation of the distal end of the plaintiff’s thumb. After trial held on May 17, 1982, judgment was rendered in favor of defendants.
The contention of the plaintiff is that the door and the hinge were defective making applicable the doctrine of strict liability under La.C.C. Art. 2317. Alternatively, it is argued that defendants were aware of the door’s propensity to close quickly, and they breached their duty to warn the plaintiff of the danger.
The trial court, in its oral reasons for judgment, found no defect in the door and no negligence on the part of the defendants. We affirm.
The record reflects that the door was a standard size metal door with a hydraulic or pneumatic closure device called an actuator, located on the inside to pull the door closed. No testimony was offered as to a defect or inherent danger in the door except that of the plaintiff and Larry McGowan» an employee of the lounge, who testified that it closed quickly. On the other hand, the record reflects testimony by Nick Dalrymple, a patron at the lounge, and Dale Repp, the manager of the lounge, that the door and closure device functioned normally.
This court considered the issue of the inherent danger of a door with the closure device disconnected in Moazzami v. Board of Supervisors of Louisiana State University, et al., 424 So.2d 1112 (La.App. 1st Cir.1982). We held that a door does not constitute an unreasonable risk of harm to those who use it even when the closure device with which it is equipped is disconnected. We find the same to be true where the closure device is connected, and where the evidence is not sufficient to indicate a defect in that device.
The plaintiff carelessly got his thumb caught in the door by engaging in horseplay and that was the sole cause of the accident. There was no negligence on the part of defendants. The trial court did not find the evidence sufficient to warrant a conclusion *45 that the door operated abnormally. We do not find any manifest error in this conclusion.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.