446 So.2d 988 (1984)
Delmer Otto COLLEPS, Plaintiff-Appellant,
v.
STATE FARM GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 83-643.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Newman, Thibodeaux & Marshall, H. Gayle Marshall, Lake Charles, for plaintiff-appellant.
Stockwell Sievert, Viccellio Clements & Shaddock, John S. Bradford, Lake Charles, for defendant-appellee.
Before CUTRER, LABORDE and KNOLL, JJ.
CUTRER, Judge.
Delmer Colleps filed suit against State Farm Fire and Casualty Company for damages due to alleged injuries sustained in a fall at the home of his daughter and son-in-law, Mr. and Mrs. Terry Lowrey. From a trial court judgment dismissing his suit, Colleps appeals. We affirm.
The issues presented on appeal are as follow:
(1) Whether the trial court was clearly wrong in finding that Colleps failed to prove that the injuries were caused by a defective condition of his son-in-law's premises; and
*989 (2) Whether the trial court erred in finding that LSA-C.C. art. 2317 was not applicable.

DEFECTIVE CONDITION IN PREMISES?
On July 5, 1980, Lowrey was in the process of constructing a house for his family. Colleps, his father-in-law, was gratuitously assisting in the work. Colleps had no regular hours but worked according to his own desires.
On the day in question, Colleps was working on the roof of the house when he decided to quit and go fishing. He asked a young man on the job site to place a stepladder near the edge of the roof. This ladder was owned by Colleps. He had brought it to the job to be used by himself and others. The young man situated the ladder as requested but did not remain to steady it, nor did Colleps ask anyone else to do so.
After testing the ladder with one foot, Colleps started to descend when the ladder fell over throwing Colleps to the ground causing injury. Lowrey helped him to get up. Debra Lowrey, his daughter, came up and the three of them talked a while. Colleps then drove off in his truck.
In addition to his own testimony, Colleps called Terry and Debra Lowrey to testify as to the cause of the accident.
Terry Lowrey testified that, after the accident, he viewed the ladder and saw that one leg of the ladder was partially broken at about the first rung. He stated that the broken leg of the ladder was in a stake hole that was left when a 2 × 4 foundation support had been pulled from the ground. Lowrey was the only witness who said he saw the stake hole. Lowrey did not tell Colleps about the stake hole for four or five weeks.
Debra Lowrey testified that she was at the scene of the accident immediately after the occurrence and that the leg of the ladder went into a hole but admitted she did not see a stake hole. On July 25, 1980, however, in a taped interview with Don Soileau, defendant's adjuster, Debra stated that they did not know why the ladder leg broke unless it was a weakness in the leg.
Colleps stated that, after the accident, he did not see the leg of the ladder in a stake hole. He gave a statement to Don Soileau stating that the leg of the ladder probably slipped on loose ground. He said nothing about a stake hole. He stated that Lowrey did not tell him anything about the stake hole until four or five weeks after the accident.
After hearing this conflicting evidence the trial court concluded that Colleps had failed to prove that the fall was caused by a defective condition (stake hole) in the premises.
An appellate court may not disturb a trial court's evaluations of credibility and factual determinations unless the record reveals that the trial court's decision is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the record, we cannot say that the trial court's evaluation of the evidence is clearly wrong.

LIABILITY UNDER 2317
Colleps contends that the strict liability provisions of LSA-C.C. art. 2317[1] apply.
An injured party seeking damages under LSA-C.C. art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that it occasioned an unreasonable risk of injury to another and that his injury was caused by the defect. Shipp v. City of Alexandria, 395 So.2d 727 (La. 1981). Custody in LSA-C.C. art. 2317 means supervision and control. Smith v. *990 Chemical Construction Corporation, 215 So.2d 530 (La.App. 1st Cir.1968).
Colleps contends that the ladder was exclusively in the possession and control of Lowery. We disagree. The ladder was owned by Colleps for some years. He allowed persons working at the home's construction site to use the ladder. Colleps supervised the placement of the ladder prior to the accident. Colleps was using his own ladder at the time of the accident. Therefore, Colleps has failed to prove custody by Lowery, an essential element under art. 2317.
For these reasons the judgment of the trial court is affirmed. Delmer Colleps, appellant, shall pay all costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2317 provides:

"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody....."