470 So.2d 983 (1985)
Howard L. NAVARRO
v.
SOUTH CENTRAL BELL TELEPHONE CO., et al.
No. 84 CA 0385.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*984 Leslie J. Clement, Jr., Thibodaux, and Victor Bradbury, Metairie, for plaintiff-appellee Howard L. Navarro.
Robert L. Morris, Houma, for defendants-appellants South Central Bell Telephone Co. and Felix Olivier.
David J. Mitchell, New Orleans, and Christopher Riviere, Thibodaux, for defendants-appellees James E. Faull, T.W. Gannus, d/b/a Frostop on the Bayou.
John L. Weimer, Thibodaux, for defendants-appellees Raceland Lumber and Concrete Co. and Ed Babin.
David E. Walle, New Orleans, for defendant-appellee Lawrence J. Borne.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Appellants, South Central Bell Telephone Company and Felix Olivier, appeal the trial court's judgment in favor of appellee, Howard L. Navarro, in this personal injury action. Navarro answered the appeal. We affirm.
On May 1, 1978, Navarro accompanied a friend, Albert Alonzo, from New Orleans to Raceland to attend a cattle auction. Along the way, they stopped at Frostop on the Bayou for some ice cream. While eating ice cream at an outdoor table, they observed Felix Olivier back a South Central Bell truck onto a concrete barrier located in the Frostop parking lot. The rear differential bell housing of the truck lodged on top of the barrier, preventing Olivier from driving the truck off the barrier.
Olivier and two other Bell employees, Austin Boudreaux and Venice Dufrene, attempted to dislodge the truck. They jacked the truck up and placed several small stakes and a two-by-six board under the left rear tire. The truck was then lowered and the jack removed. Olivier got down on his hands and knees and saw that *985 the rear differential bell housing was still resting on top of the barrier. Nevertheless, Olivier got into the truck and started the engine with the intent to drive it off the barrier.
After Olivier got into the truck, Navarro joined Boudreaux and Dufrene behind the vehicle to aid them in pushing it off. Without checking behind him, Olivier "gunned" the engine in an effort to dislodge the truck. This caused the two-by-six to fly from under the rear tire, striking Navarro and knocking him to the ground as it shattered his lower right leg.
Navarro was initially taken to a local hospital for treatment, but was soon transferred to Touro Infirmary in New Orleans. After surgery, Navarro remained in the hospital ten days and required extensive and lengthy treatment thereafter.
On April 18, 1979, Navarro filed suit. The case was finally tried on May 4 and 5, 1983, without a jury. After presentation of the evidence, the trial court awarded Navarro $175,000.00 for past, present and future physical and mental pain and suffering, $5,160.68 for past medical expenses, and $5,000.00 for future medical expenses. All defendants, except Bell and Olivier, were dismissed. Bell and Olivier appeal the trial court's judgment.

ASSIGNMENTS OF ERROR
On appeal, appellants allege the trial court erred in:
1. denying appellants' request for a jury trial after other parties withdrew their requests for jury trial and without notice being given to appellants;
2. holding Olivier was negligent and that his negligence was the cause-in-fact of Navarro's injuries;
3. holding that contributory negligence and assumption of risk are not applicable;
4. holding the concrete barrier did not constitute a defect in the Frostop premises making Frostop strictly liable for Navarro's injuries;
5. in holding Frostop was not negligent in failing to warn its patrons of the concrete barrier; and
6. dismissing appellants' third party demand against Frostop.
By answer, Navarro asserts the trial court erred in not awarding Navarro any amount for past or future lost wages.

I.
Appellants contend that they were entitled to rely upon both the timely demand for a jury trial made by Borne (owner of premises) and the timely demand for a jury trial which was perfected by Raceland Supermarket (adjoining business), or either of them, without the necessity of duplicating those demands.
In a pretrial conference held on January 7, 1983, the trial court informed all parties that they had thirty days from that date to file and perfect requests for a jury trial. Raceland had previously perfected a request for a jury trial. Borne filed a request, but did not perfect it before the deadline. On March 4, 1983, a hearing was held on a motion for summary judgment filed by Raceland. The motion was granted, dismissing the third party demands against Raceland. The judgment was rendered, read and signed in open court. The court minutes show that counsel for appellants was present in court during the hearing and rendition of judgment.
La.C.C.P. art. 1733 provides that parties have ten days after receiving notice of the withdrawal of a request for jury trial to file and perfect their request for a jury.
We find the trial court did not err in refusing to grant appellants' demand for a jury trial. The motion requesting a jury was made the day of the trial, approximately thirty days after Raceland had been dismissed from the case. Appellants were present in court when Raceland was dismissed and knew or should have known that only Raceland had timely perfected a request for a jury, and that unless another party filed and perfected a request within ten days of the Raceland dismissal, there *986 would be no jury trial. La.C.C.P. art. 1733(C). No such request for a jury trial was filed or perfected by appellants or any other party. Thus, appellants' request for a jury trial made on May 4, 1983, was untimely and was properly denied.
This assignment is without merit.

II.
The trial court found that Olivier's conduct in placing the boards under the truck and "gunning" the engine without first ascertaining that the rear was clear caused the accident and resulting injury to Navarro. The trial court further found that Olivier owed a legal duty of care to Navarro, that Olivier breached his duty to protect Navarro and that Navarro was injured as a result. Olivier was acting within the course and scope of his employment for Bell when the accident occurred, making Bell liable for his negligent conduct under the theory of respondeat superior.
Olivier's actions in this factual situation, both in backing over the concrete barrier and in trying to dislodge the truck, were clearly negligent. He testified that he knew the barrier was there and, in fact, had seen it on numerous occasions. He also knew that the rear differential remained lodged on the barrier after the vehicle had been jacked up and the boards had been placed under the left rear tire. However, he failed to relay this information to anyone else. Finally, Olivier failed to check the rear to see if anyone was out of the way before trying to drive the truck off the barrier. When he entered the vehicle, he knew that two of his co-employees were standing at the rear of the truck and that several other people, including Navarro who Olivier testified had previously offered assistance, were nearby. A reasonable person would have made certain that no one was in a place of danger.
The trial court did not err in finding Olivier was negligent and that his negligence was the cause-in-fact of Navarro's injuries. This assignment has no merit.

III.
Appellants argue that Navarro was contributorily negligent and/or assumed the risk when he positioned himself behind the truck, knowing the boards were under the left rear tire. We find no merit in this argument.
First, Olivier and his fellow employees placed the boards under the tire. Second, Olivier looked under the vehicle after it was jacked up and knew that it remained lodged on the barrier, yet he failed to inform anyone of this fact. Third, Olivier's co-workers did not prevent Navarro from positioning himself behind the vehicle. In fact, Boudreaux testified that he moved over to make room for Navarro. Finally, Olivier failed to make sure the rear was clear before he "raced" the engine in an attempt to dislodge the vehicle.
Assumption of risk is properly applicable when plaintiff was fully aware of the risk and voluntarily encountered it. See Dorry v. LaFleur, 399 So.2d 559 (La.1981). Contributory negligence is applicable where plaintiff's conduct was unreasonable in the face of known or reasonably foreseeable danger.
Navarro did not know that the truck remained lodged upon the barrier or that Olivier would "gun" the engine as he did. Since Navarro did not know of these risks, he could not voluntarily assume them. Likewise, he was not contributorily negligent because he did not know the truck remained lodged on the barrier and a reasonable person would not have attempted to move the vehicle as Olivier did. Further, Navarro's injuries could have been prevented had he been advised of all the facts or had the Bell employees merely prevented him from standing behind the truck. Thus, the trial court was correct in holding that contributory negligence and assumption of the risk are not applicable in this case.

IV.
Appellants argue that the concrete barrier was a defect in the premises which made *987 Frostop strictly liable for Navarro's injuries.
For strict liability to be applicable, it must be proven that the concrete barrier was in the care or custody of Frostop, that it had a vice or defect, that it occasioned an unreasonable risk of injury to another, and that the injury was caused by the defect. See Shipp v. City of Alexandria, 395 So.2d 727, 728 (La.1981). Once these elements are proven, Frostop can escape liability only by showing the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Id.
The concrete barrier obviously was in the care or custody of the Frostop. However, the evidence did not show that it had a vice or defect or that it occasioned an unreasonable risk of injury. The record reflects that the barrier was clearly discernable and that Olivier, in fact, knew of its existence and location prior to the accident. There was no impediment obscuring Olivier's view of the barrier; he simply failed to look. The evidence reflects that the risk of injury to patrons would have been greater had the barrier not been there since it protected the catch basin cover. Finally, the evidence shows that Navarro's injuries were caused solely by appellants' negligence.
As there was no showing that the concrete barrier created an unreasonable risk of harm, Frostop is not strictly liable for Navarro's injuries.

V.
Appellants also contend Frostop was negligent in failing to warn its patrons of the concrete barrier. Thus, appellants conclude that Frostop should be strictly liable for Navarro's injuries.
Olivier testified he had seen the concrete barrier on numerous prior occasions and knew it was there. Further, the evidence shows that the barrier had been painted yellow and that except on the top, the yellow paint was on the barrier at the time of the accident and was easily visible.
In this case, Olivier knew where the concrete barrier was located. The purpose of Frostop warning its patrons of the barrier is to inform them of its presence. This argument is meritless since Olivier knew of the barrier and its location, but backed over it anyway.

VI.
On their final assignment of error, appellants seek contribution from Frostop for the amount awarded to Navarro. Since we find no fault on the part of Frostop, we find the trial court's judgment holding Bell and Olivier liable in solido for the damages Navarro sustained to be correct.
This assignment of error is without merit.

FAILURE TO AWARD LOST WAGES
Navarro alleges the trial court erred in refusing to award damages for lost wages, past and future.
The trial court in its reasons for judgment denied Navarro's claim for lost wages because it was too speculative. We agree.
At the time of the accident, Navarro had recently retired after driving a school bus for sixteen years. Navarro, who was sixty-two years of age when the accident occurred, testified that he was thinking of returning to the butcher business. His brother-in-law, Albert Raphael, had been trying to get him to work as a butcher with him for sixteen years without success. Raphael testified he had no indication prior to the accident that Navarro was going to accept his invitation.
The trial court's finding that Navarro was retired at the time of the accident is not an unreasonable conclusion. We find the trial court properly denied the claim for lost wages as being too speculative since the evidence, at best, shows that Navarro was only thinking about returning to work as a butcher.
*988 For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be borne by appellants.
AFFIRMED.