WATKINS, Judge.
Mrs. Iris Achord brought the present suit against K-Mart Corporation for injuries allegedly sustained by her on K-Mart premises outside a K-Mart store when she tripped and fell as she was about to enter the store to do some shopping. The trial court rendered judgment in favor of plaintiff in the sum of $25,914.85, assigning written reasons for judgment. From this judgment, K-Mart appealed, and Mrs. Ac-hord answered the appeal, seeking an increase in the quantum of the judgment. We reverse.
Mrs. Achord called two witnesses on direct examination, and introduced the depositions of several physicians who treated her for her injuries. Basically Mrs. Achord testified that she tripped and fell at the meeting place between a walk in front of K-Mart and a short ramp leading to the parking lot outside. She complains of injuries to the shoulder, arm, and knee. Her husband testified that there was a drop-off of an inch to two inches from the walk to the top of the ramp. The trial court visited the K-Mart premises, and stated in its written reasons the crack should have been repaired by K-Mart. Mrs. Achord identified thirteen photographs which had been taken by her son. We have examined the photographs which were introduced into evidence, and find they show about a one-fourth inch crack to have existed between the walk and the ramp, which in places may have been an additional one-fourth inch in height where there were irregularities in the concrete. We see no places where the variation in height was greater than one-half inch, from the clear evidence of the photographs.
The trial court grounded its holding of liability on the part of K-Mart on both strict liability and negligence theories. In Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982) it was held that the only difference between a case involving strict liability and a case involving negligence was that in a strict liability case, the claimant is relieved of proving the owner knew or should have known of the defect. The plaintiff still must prove the existence of a defect, that is, that the object presented an unreasonable risk of harm to others.
*426 In Shipp v. City of Alexandria, 395 So.2d 727 (La.1981), in which the facts are to some extent similar to the present case in that the plaintiff in Shipp fell after tripping on a one and a half to two inch crack in the pavement on a street, it was held that an injured party seeking damages under strict liability (LSA C.C. art. 2317) need not prove negligence (viz., any particular act or omission on the part of the defendant. He must only prove (1) that the thing which caused the damage was in the care or custody of the defendant, (2) that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and (3) that his injury was caused by the defect. Once these elements are proven, Shipp went on to say, the custodian can escape liability only by showing that the harm was caused by fault of the victim, by the fault of a third person, or by an irresistible force. The court emphasized the fact that the plaintiff must prove that the thing under the custody of defendant presented an unreasonable risk of harm to others, which the court in Shipp found plaintiff had failed to prove, and hence denied recovery.
Similarly, in the present case, plaintiff has failed to prove that the crack between the walk and the ramp created an unreasonable risk of harm to others. The thirteen photographs mentioned above, which had been taken by Mrs. Achord’s son and which were introduced into evidence at her instance, clearly show a crack of at most one-fourth inch, which may have increased to one-half inch in a few places where there was an irregularity in the concrete. Similarity, we note, an architect, Mr. William Brockway, called by K-Mart as an expert witness, testified that there was a uniform variation of one-fourth of an inch in the height of the walk and the top of the ramp. An expansion joint in pavement or an irregularity in the surface of a sidewalk of one-fourth inch is common, we note. Mrs. Achord presented no evidence which would tend to show an unreasonable risk of harm to others, other than the exaggerated testimony of her husband as to variations in height, which was obviously biased. Thus, had the trial court not examined the accident site, and found the crack should have been repaired by K-Mart, we would have no difficulty in holding for defendant.
However, we have the photographs of the accident scene before us. And there is not only one photograph, but rather, there are thirteen, each taken by plaintiff’s son, the clear import of which is that the crack did not present an unreasonable risk of harm to others, but rather that it was similar to cracks normally found in concrete surfaces. We therefore must find that the trial court was mistaken in its finding that K-Mart should have repaired the walk.
The trial court found K-Mart liable under both a theory of negligence and a theory of strict liability. Mrs. Achord failed to prove negligence. The evidence clearly shows the crack did not present an unreasonable risk of harm to others. Thus, we must hold that the trial court was clearly wrong in finding liability on the part of K-Mart. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The judgment of the trial court is reversed and plaintiffs suit dismissed, at plaintiff’s cost.
REVERSED.