DOMENGEAUX, Judge.
This tort suit, filed on July 31, 1978, resulted from an intersectional collision. Plaintiff appeals the district court’s judgment sustaining the peremptory exception of prescription and dismissing plaintiff's *193 suit against the State of Louisiana, Department of Highways.[1]
The exception had been referred to the merits.
The facts of this case were stated by the trial judge as follows:[2]
“Johnny Vanderwater, the plaintiff herein, sustained injuries as a result of the traffic accident which occurred at approximately 12:50 P.M. on September 23, 1977, at the intersection of Louisiana Highways 28 and 3026. Plaintiff was driving a motorcycle east on Highway 28. Wilmer Washington was in the left turn lane of Highway 28 West and was attempting to turn, but found his view of easterly flowing traffic obstructed by a two ton truck driven by Henry Taylor, an employee of D & E Construction Company.
Mr. Taylor had exited La. 3026 South, stopped at the stop sign at the intersection, and proceeded into the median of La. 28 where he was waiting to make a left turn. Taylor motioned to Washington that he should proceed to make his turn. Washington did so and collided with the plaintiff who was thrown from his motorcycle.
Louisiana 28, at the intersection in question, is a four lane highway running east and west and divided by a median. In addition to these four lanes there is a left turn lane in each direction to allow motorists to enter La. 3026 (commonly referred to as the Pineville Expressway), which is a four lane highway running north and south. At the intersection of 28 West and the 3026 off ramp there is a stop sign where Mr. Taylor stopped before reaching the median of 28. There were no other stop signs or traffic lights at the intersection.”
The plaintiff originaly brought suit against Wilmer Washington, Jr., Henry Taylor, and D & E Construction Company, Inc., on July 31, 1978. The State of Louisiana through the Department of Highways was added as a defendant on March 5, 1979. Prior to trial the plaintiff settled with all defendants other than the State.
Although the State was made a party to this suit beyond the one year prescriptive period provided for under La.C.C. Art. 3492, it was necessary to determine its liability as a possible solidary obligor. If it was, then prescription would not have tolled under La.C.C. Art. 3503. The trial court rendered judgment in favor of the State, finding that the intersection was not defective and that the State was not negligent in the construction, operation, or maintenance of the intersection. Under these circumstances the State’s exception of prescription was sustained and the claims against it were dismissed.
On appeal, plaintiff cites as error the trial court’s finding that the intersection was not defective and the State was not negligent.
On concluding that the intersection was not defective, the trial judge thoroughly analyzed the relevant law and evidence in his written reasons for judgment, which we quote in pertinent part, with approval:
“This Court must determine whether the intersection of La. 28 and La. 3026 was defective in that it presented an unreasonable risk of harm to motorists under Article 2317 of the La.Civil Code. We must further consider whether the State is negligent under Article 2315 and 2316 [of the Louisiana Civil Code].
[La.C.C.] Art. 2317 provides in pertinent part that:
‘We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable or of the things which we have in our custody.’
With reference to this article, the Louisiana Supreme Court in Shipp v. City of *194 Alexandria, 395 So.2d 727 (La.1981) stated:
‘An injured party seeking damages under Art. 2317 need not prove negligence, that is, that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damages was in the care or custody of the defendant, that the thing had a vice or defect, that is, that occasioned an unreasonable risk of injury to another, and this injury was caused by the defect.’
The intersection in question was under the care and custody of the State. The only issue remaining for our determination, then, is whether plaintiff met the burden of proving by a preponderance of the evidence that a defect caused the accident. To resolve this issue we must first ascertain whether the intersection was, in fact, defective.
The plaintiff’s expert, Dr. Duaine T. Evans, a professional traffic engineer, testified by deposition. He testified that the intersection was defective and that it created a hazard to motorists. He based this conclusion on the fact that a driver in the left turn lane of 28 West would have his view of traffic on 28 East obstructed when another vehicle was stopped in the median. He also stated that to allow such an intersection to operate without any traffic lights or other signals was extremely hazardous. Finally, he testified that the ‘basic cause of the accident was inadequate sight distance caused by the vehicle stopped in the median.’
Dr. Ned Walton, who was accepted as an expert in highway engineering, human factors engineering, accident reconstruction, and geometric design of highways, testified [in-court] for the State. He observed the intersection in question from approximately 3:00 P.M. to 5:00 P.M. one week-day shortly after the accident. His conclusions and opinion were contrary to those of Dr. Evans. According to Dr. Walton this exact type intersection (a “diamond interchange system”) is used successfully throughout the country and meets all professional design standards. He did not recommend to the State Department of Transportation and Development (DOTD) that any changes be made at the intersection. It was his opinion that the density of traffic and the traffic flow did not warrant any traffic signalization and, in fact, such an addition would have impeded the smooth traffic flow he had observed. This conclusion was confirmed, he stated, by a traffic count of the interchange provided to him by DOTD.
On cross examination Dr. Walton stated that even if the scene of the accident is considered two intersections, this is insignificant from an operational standpoint. Also, he testified that there is nothing unusual in a motorist’s view being obstructed at intersections by other vehicles. He concluded that the accident was caused solely by driver error.
This Court agrees with Dr. Walton’s conclusions and finds that the intersection was not defective, nor was it a cause of the accident.
Plaintiff’s injuries were caused by the combined negligence of Mr. Washington and Mr. Taylor. Mr. Taylor was negligent in indicating to Mr. Washington that he should proceed first. Mr. Washington, relying on Mr. Taylor’s hand motion, was negligent in not waiting until he could see for himself whether or not there were any oncoming vehicles. Furthermore, both drivers failed to adhere to [La.] R.S. 32:121 which states that ‘when two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.’ ”
The evidence submitted in this case fully supports the finding that the intersection of Highways 28 and 3026 did not present an unreasonable risk of injury to the motorists using it.
*195 After a review of the record, we cannot find that the trial judge’s factual conclusions as stated above, based on a thorough evaluation of the evidence presented in court and by deposition, is clearly wrong. Therefore, we shall not disturb this finding on appeal. See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Plaintiff also argues here that the trial court erred in finding that the State was not negligent under La.C.C. Articles 2315 and 2316. It is well settled that the State owes a duty to the motoring public to maintain highways in a reasonably safe condition and to remedy conditions which create an unreasonable risk of injury. McKinnie v. State, through Department of Transportation and Development, 426 So.2d 344, 349 (La.App. 2nd Cir.1983), writ denied, 432 So.2d 266 (La.1983).
In this case, Mr. Washington’s view of the eastbound lane of Highway 28 was obstructed when he proceeded to cross it. He was negligent in failing to ascertain for himself that it was safe to proceed. Also, Mr. Taylor was negligent in waving Mr. Washington through the intersection when Mr. Vanderwater was approaching. We cannot find that the State's duty to provide safe highways includes protecting this plaintiff from the combined negligence of Mr. Washington and Mr. Taylor under these circumstances. There is no evidence showing that this type of accident was a problem at this intersection. The evidence does show, however, that this intersection met professional traffic design standards. Therefore, the trial court’s finding that the State was not negligent is correct. Arcen-eaux v. Domingue, supra.
Since the State has been found to be free from fault, and since the State was made a party more than one year after the accident occurred, the trial court properly maintained the State’s peremptory exception of prescription.
For the above and foregoing reasons, the judgment of the district court is affirmed.
All costs of this appeal are assessed against the plaintiff-appellee.
AFFIRMED.
*196 [[Image here]]

. That State agency is now designated as the Department of Transportation and Development.

. See Appendix 1 herein to facilitate understanding of the sequence of events leading to this accident.