537 So.2d 1230 (1989)
Bobbie MONTGOMERY
v.
CITY OF NEW ORLEANS.
No. 88-CA 0922.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1989.
Okla Jones, II, City Atty., Don J. Hernandez, Chief Deputy City Atty., Val K. Scheurich, III, Deputy City Atty., Cheryl Q. Landrieu, Asst. City Atty., New Orleans, for appellant.
Molaison, Osborn & Starr, R.A. Osborn, Jr., Gretna, for appellee.
Before CIACCIO, LOBRANO and WILLIAMS, JJ.
CIACCIO, Judge.
The City of New Orleans appeals a judgment awarding plaintiff compensatory damages for a broken leg suffered when she "tripped" on an elevated portion of a city sidewalk. We reverse.
Plaintiff, a forty year old woman, suffers from a congenital bone condition called osteogenisis imperfecta (brittle bone disease). Since she was six years old she has traveled about in a wheelchair. On an afternoon in late October she was traveling on the sidewalk along Perdido Street, across the street from City Hall, next to the State Office Building. She noticed a crack in the sidewalk across its width. The sidewalk surface on the opposite side of the crack appeared to plaintiff to be elevated by one *1231 to two inches above the sidewalk surface on which she was approaching the crack. The presence and nature of the crack was obscured by accummulated fallen leaves.
When plaintiff in her wheelchair attempted to travel across the crack her right foot caught the edge of the elevated portion, and she suffered a nondisplaced fracture of her right leg. The emergency room physician placed plaintiff in a full leg cast, which plaintiff removed four weeks later. The record contains no evidence that during her convalescence plaintiff curtailed her normal activities in any way. Her doctor testified that she healed completely, her prognosis was "excellent," and she suffered no residual complications or disability.
To be liable the City must be found either negligent under La.C.C. Arts. 2315 and 2316 or strictly liable under La.C.C. Art. 2317.[1] In order for liability to attach based on negligence, plaintiff must show that the City had actual or constructive notice of the condition of the sidewalk. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980); Clairmont v. City of New Orleans, 492 So.2d 1247 (La.App. 4th Cir. 1986), writ denied 496 So.2d 1048 (La.1986). Because the record contains no evidence that the City had notice, actual or constructive, of the condition of the sidewalk, there can be no finding of liability based on negligence.
In a typical negligence case against the owner of a thing (such as a tree) which is actively involved in the causation of injury, the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing. Under traditional negligence concepts, the knowledge (actual or constructive) gives rise to the duty to take reasonable steps to protect against injurious consequences resulting from the risk, and no responsibility is placed on the owner who acted reasonably but nevertheless failed to discover that the thing presented an unreasonable risk of harm.
In a strict liability case against the same owner, the claimant is relieved only of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing presented an unreasonable risk of harm which resulted in the damage (or must prove, as some decisions have characterized this element of proof, that the thing was defective). The resulting liability is strict in the sense that the owner's duty to protect against injurious consequences resulting from the risk does not depend on actual or constructive knowledge of the risk, the factor which usually gives rise to a duty under negligence concepts. Under strict liability concepts, the mere fact of the owner's relationship with and responsibility for the damage-causing thing gives rise to an absolute duty to discover the risks presented by the thing in custody. If the owner breaches that absolute duty to discover, he is presumed to have discovered any risks presented by the thing in custody, and the owner accordingly will be held liable for failing to take steps to prevent injury resulting because the thing in his custody presented an unreasonable risk of injury to another. [footnote omitted]
Thus, while the basis for determining the existence of the duty (to take reasonable steps to prevent injury as a result of the thing's presenting an unreasonable risk of harm) is different in C.C. Art. 2317 strict liability cases and in ordinary negligence cases, the duty which arises is the same. The extent of the duty (and the resulting degree of care necessary to fulfill the duty) depends upon the particular facts and circumstances of each case.
Accordingly, in a strict liability case in which the claimant asserts that the owner's *1232 damage-causing thing presented an unreasonable risk of harm, the standard for determining liability is to presume the owner's knowledge of the risk presented by the thing under his control and then to determine the reasonableness (according to traditional notions of blameworthiness) of the owner's conduct, in the light of that presumed knowledge. * * * * * *
As some torts scholars have observed, the test in strict liability cases, except for the element of the defendant's scienter, is virtually the same as that for negligence. See J. Wade, Strict Tort Liability for Manufacturers, 19 S.W.L.J. 5, 15 (1965). [footnote omitted]
Kent v. Gulf States Utilities Co., 418 So. 2d 493, 497-498 (La.1982). See also Shipp v. City of Alexandria, 395 So.2d 727 (La. 1981), and Jones v. City of Baton Rouge, above, for the principle that the owner's knowledge of the condition of the thing alleged to have caused the damage is irrelevant to an analysis of liability under La.C. C. Art. 2317.
Thus, the application of La.C.C. Art. 2317 does not change the duty owed by the City to pedestrians on city sidewalks.
... a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence.
White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620 (1949), and cases cited therein. See also Miller v. State Farm Fire and Casualty Co., 487 So.2d 459 (La. App. 5th Cir.1996); Carr v. City of Covington, 477 So.2d 1202 (La.App. 1st Cir.1985), writ denied 481 So.2d 631 (La.1986); Reinhard v. City of New Orleans, 371 So.2d 286 (La.App. 4th Cir.1979); Kidder v. City of Opelousas, 185 So.2d 66 (La.App. 3d Cir.1966).
Not every imperfection is a "defect" for which we will impose delictual responsibility under La.C.C. Art. 2317. To be a "defect" the imperfection must pose an unreasonable risk of injury to persons exercising ordinary care and prudence. Plaintiff must prove that the risk of injury from the particular imperfection was so unreasonable as to justify the imposition of nonnegligent liability. See Shipp v. City of Alexandria, above, and cf. Jones v. City of Baton Rouge, above.
The sidewalk where plaintiff was injured was not perfect; it was cracked, and one side of the crack was elevated two inches above the other side. The crack and elevation in the sidewalk created a risk to pedestrians, a minimal risk and a risk that was apparent and obvious to persons exercising ordinary care and prudence. Plaintiff observed the crack and realized that it posed a risk. She prepared herself to cross the crack, but failed to cross the crack without injury; she failed to raise her foot high enough to clear the elevated side of the crack.
*1233 The risk posed by the crack was not unreasonable. With ordinary care and prudence plaintiff could have crossed the crack without incident. That plaintiff did not cross the crack without incident does not suddenly make the risk unreasonable.
Plaintiff relied on the opinions of a safety expert to establish that the crack posed an unreasonable risk of harm. The expert offered his opinions, however, without factual, practical, or theoretical support. The expert opined that the crack posed a danger simply because one side of the crack was elevated two inches over the other side. The crack did pose a risk, but a two-inch differential in elevation does not automatically create a risk so unreasonable to justify the imposition of non-negligent liability. See, e.g., Shipp v. City of Alexandria, above, and Miller v. State Farm Fire and Casualty Co., above. Further, expert testimony assists the fact finder; experts do not dictate conclusions; the component premises combined by an expert to reach a conclusion within his particular field of expertise are not necessarily congruent with the component premises combined to reach correct legal conclusions.
Plaintiff also persuaded her expert and the trial judge to classify the crack as a "trap." When the expert classified the crack as a "trap" he was responding affirmatively to a leading question which put the word "trap" into his mouth, and he did not give his answer any support. The trial judge considered the crack a "trap," apparently because it was obscured by leaves. The presence of the leaves is attributable to neither plaintiff nor defendant, and in this case the leaves did not create a "trap." Plaintiff saw the crack and knew to exercise care when crossing it. That plaintiff perhaps did not accurately evaluate the nature of the crack because of the presence of the leaves is not justification for imposing non-negligent fault upon the City. The crack, even when somewhat obscured by leaves, presented to plaintiff an obvious and apparent risk which she noticed but failed to properly negotiate. The leaves, which themselves pose a certain risk and for which no one is at fault, did not turn the minimal risk posed by the crack into an unreasonable risk justifying the imposition of fault upon the City.
We find that the trial judge's conclusion that the crack posed a "trap" or an unreasonable risk of harm is clearly wrong. This crack under the circumstances of this case did not pose an unreasonable risk of harm; the risk involved, including consideration of the leaves, was minimal and obvious. Plaintiff's accident was not the fault of the City.
For the reasons assigned, we reverse the judgement of the district court and enter judgement for defendant dismissing plaintiff's suit at her cost.
REVERSED.
NOTES
[1] This incident preceded the effective date of La.R.S. 9:2800 which limits the responsibility of public entities under La.C.C. Art. 2317, requirer's actual or constructive notice of the particular vice or defect which is alleged to have caused the damage.