605 So.2d 643 (1992)
Mr. & Mrs. Cleveland FOX
v.
The HOUSING AUTHORITY OF NEW ORLEANS, et al.
No. 91-CA-1394.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1992.
Writ Denied November 20, 1992.
*644 Bruce G. Whittaker, Deputy City Atty., Brett J. Prendergast, Chief of Civil Litigation, Kathy L. Torregano, Chief Deputy City Atty., William D. Aaron, Jr., City Atty., New Orleans, for defendant/appellant.
Patrick E. Jones, Metairie, for plaintiff/appellee.
Arthur J. O'Keefe, O'Keefe, O'Keefe & Berrigan, New Orleans, for defendant/appellee.
Before LOBRANO, JONES and WALTZER, JJ.
WALTZER, Judge.
This appeal arose from a suit brought by Evelyn Fox against the City of New Orleans. The plaintiffs in this case were Mrs. Fox's children, since both she and her husband died before the suit came to trial. The trial court found the City of New Orleans liable for Mrs. Fox's injuries, caused when she tripped over broken pavement on a public sidewalk, in the amount of $43,822. The City of New Orleans now appeals, raising two assignments of error. Plaintiffs also appeal the amount awarded by the trial court.
Mrs. Evelyn Fox, an elderly woman, residing with her husband at 1421 S. Galvez, a housing development, was being picked up by her son Alvin Simpson on January 7, 1987. Because something was wrong with the bankment from the curb to the street in front of Mrs. Fox's building, she directed her son to proceed down the block to the corner where she might more easily enter his car. Though Mrs. Fox was elderly, she did not use the aid of a walker, was able to climb and descend stairs, and had reasonably good vision. As Mrs. Fox was walking to the corner to meet her son, she came upon a crack in the sidewalk, which resulted from the roots of adjacent trees pushing up the pavement. The crack extended the entire width of the sidewalk and ranged in height from two and a half (2½) to four and a half (4½) inches. Mrs. Fox stated in her deposition that she had seen the crack, that she had known of its existence, and that she tried to maneuver it. However, her foot caught some of the raised portion and she fell, injuring her head and her neck and fracturing her hip. After X-rays at Charity Hospital, Mrs. Fox was transferred to Hotel Dieu Hospital for surgery. Her surgery included removal of the right femoral head and a prosthetic implementation (a hip *645 replacement). After the operation, Mrs. Fox never recovered to the point of walking normally without a walker. Nor was she ever able to properly care for herself or her husband.
Mrs. Fox filed suit on December 8, 1987. Her husband joined in this suit claiming loss of consortium. Mr. Fox died within a year of filing without ever being deposed. Mrs. Fox was deposed on January 4, 1989, and died on April 11, 1990, before the suit went to trial. The Fox's surviving children were substituted as plaintiffs on July 23, 1990. Judgment was rendered in favor of plaintiffs on October 4, 1990.
The trial judge found for the plaintiffs, holding that the City of New Orleans was strictly liable for Mrs. Fox's injuries under La.C.C. art. 2317 and L.S.A.-R.S. 9:2800. In her reasons for judgment, the trial judge concluded (1) that the broken and elevated sidewalk was a defect creating an unreasonable risk of harm to Mrs. Fox, (2) that the City had constructive notice due to the testimony of the Chief Urban Forester for the City Parkway and Parks Commission which stated that such a condition would have taken about ten years to develop, and (3) that while the City may be in the practice of informing complainants that such a condition is the responsibility of the adjacent land owner, liability for injuries caused by cracked sidewalks does not shift and remains with the municipality. The trial judge also found and awarded medical expenses totaling $23,822.05, which had been stipulated during the trial, and pain and suffering of Mrs. Fox in the amount of $20,000. The trial judge dismissed Mr. Fox's claim for loss of consortium, stating that consortium could not be proven by ancillary evidence. The City now appeals the trial judge's decision that the broken walk constituted a defect and that the City had constructive notice. Plaintiffs appeal the amount the trial judge awarded for pain and suffering, claiming that it was so low it constituted manifest error.
In their first assignment of error, the City argues that the broken and protruding sidewalk, as a matter of law, could not be a defect under Civil Code article 2317. The City cites two cases to support this argument. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981); Montgomery v. City of New Orleans, 537 So.2d 1230 (La.App. 4th Cir.1989). These two cases provide the proper test for determining whether a particular condition is a defect under article 2317.
Not every imperfection is a `defect' for which we will impose delictual responsibility under La.CC Art. 2317. To be a "defect", the imperfection must pose an unreasonable risk of injury to persons exercising ordinary care and prudence. Montgomery, supra at 1232 (citing Shipp v. City of Alexandria, supra.)

To impose 2317 liability, plaintiffs bore the burden of proving by a preponderance of the evidence that the broken walk causing Mrs. Fox's injuries posed an unreasonable risk of harm to persons exercising ordinary care. Our Louisiana Supreme Court has stated on several occasions that the unreasonable risk of harm standard cannot be applied mechanically, but rather serves as a guide for judges in evaluating a certain condition and the risks it imposes. A trial judge, in making her determination of whether the risk of harm was unreasonable, should weigh certain considerations including the gravity of the risk and the harm, the individual and societal rights and obligations, and the social utility involved. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106 (La.1990); Entrevia v. Hood, 427 So.2d 1146 (La.1983); reh. den., (March 25, 1983); Hopkins v. Travasos, 569 So.2d 1056 (La.App. 3rd Cir.1990); Kuck v. City of New Orleans, 531 So.2d 1142 (La.App. 4th Cir.1988).
In the present case, the broken pavement extended the entire width of the sidewalk. Portions of the broken pavement protruded as high as four and a half inches. Mrs. Fox stated in her deposition that she, like a person exercising ordinary care, wanted to walk around the broken pavement but that the even more treacherous roots from trees immediately adjacent on both sides of the walk prevented her from doing so. Mrs. Fox decided that the most prudent path for her to take was to *646 traverse the broken walk. In the Louisiana Supreme Court decision of Sistler, supra the Court upheld a trial court's determination that a one inch elevation posed an unreasonable risk of harm and was thus a defect. The Supreme Court stated that where the trial court's findings are reasonable in light of the record viewed in its entirety, the court of appeal shall not reverse. Sistler v. Liberty Mutual Insurance Company, supra at 1112. After a review of the record and considering the evidence before the trial court, this Court concludes that the trial judge properly weighed the appropriate considerations and was reasonable in her determination that an unreasonable risk of harm existed.
In their second argument on appeal, the City claims that the trial judge was in error in finding that the development of the crack over ten years constituted constructive notice. In the ordinary strict liability suit, the plaintiff is relieved of proving any knowledge or notice, actual or constructive, by the custodian, or any failure of the custodian to reasonably keep the thing in repair. Liability is based upon the legal relationship between the defect and its owner or custodian and not upon any wrongdoing by the defendant. Entrevia v. Hood, supra at 1148; Helgert v. City of New Orleans, 537 So.2d 394 (La.App. 4th Cir.1988); writ denied, 538 So.2d 616 (La. 1989). However, the 1985 legislative enactment of LSA-R.S. 9:2800 added the element of notice to 2317 claims against public bodies. That statute states;
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public Entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. (Emphasis added)
According to this statute, the plaintiff bears the burden of proving either actual or constructive notice. Alexander v. Rivers, 560 So.2d 999 (La.App. 4th Cir. 1990); Vantrige v. Lloyd's of Louisiana Ins., 543 So.2d 603, 607 (La.App. 4th Cir. 1989).
The defendant's witnesses at trial, one employed by the Streets and Maintenance division of the City of New Orleans, the other a Chief Urban Forester for the City Parkway and Parks Commission, testified that no complaints had ever been lodged with their departments concerning the broken sidewalk. However, the Chief Urban Forester also stated that the condition of the pavement would have taken ten years to develop. He further stated that up until three years before the accident, his department used to periodically inspect trees and their roots around the city. This Court has previously stated that a city cannot avoid liability simply by not continuing their program of regular inspection and maintenance. The City may not hide behind the notice requirement to escape liability by doing away with a program designed to inform it of such dangerous conditions. Alexander, supra at 1001. Furthermore, Louisiana courts have concluded that evidence of an unreasonably dangerous condition's existence over a significant length of time may constitute constructive notice. Fontenot v. Soileau, 567 So.2d 815 (La. *647 App. 3rd Cir.1990); writ denied, 571 So.2d 656 (La.1990); Alexander, supra at 1002. The ten years it took for the development of the broken pavement plus the fact that had the City continued their program of periodic inspection, they may well have discovered the condition causing Mrs. Fox's fall is sufficient to constitute constructive notice.
Plaintiffs on appeal argue that the amount awarded by the trial judge was manifest error and that Mrs. Fox's injuries required a higher amount. Louisiana law is well settled that an appellate court should not disturb an award unless the record shows that the trial court abused its discretion. Bitoun v. Landry, 302 So.2d 278 (La.1974); Glasper v. Henry, 589 So.2d 1173 (La.App. 4th Cir.1991); writ denied, 594 So.2d 1315 (La.1992). After a review of the record, this Court cannot find that the trial judge's award was abusively low.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
LOBRANO, J., concurs.
LOBRANO, Judge, concurring.
I concur in the majority result. My opinion, however, is that the City's liability is based on negligence rather than Article 2317 and La.R.S. 9:2800. The majority relies on Alexander v. Rivers, 560 So.2d 999 (La.App. 4th Cir.1990) for the proposition that the city had constructive notice of the defective sidewalk because of its discontinuance of a program of inspection. In Alexander the court spoke in terms of Article 2317 fault but then digressed into a discussion of constructive notice as a basis for negligence. Negligence and Article 2317 fault are different. The failure of the City to make inspections or to discontinue inspections, in my opinion, supports the imposition of a duty under a negligence theory. Notice, actual or constructive, is a prerequisite for the Article 2317 fault of a political entity. La.R.S. 9:2800. The failure to inspect should not be used to support constructive notice.
Because I reach the same result I concur with the majority.