537 So.2d 394 (1988)
Ruth M. HELGERT
v.
CITY OF NEW ORLEANS, Maple Gardens Restaurant, et al.
No. 88-CA-0925.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1988.
Writ Denied March 3, 1989.
Frank J. D'Amico, P.C., Frank J. D'Amico, Jr., New Orleans, for plaintiff/appellant.
Okla Jones, II, City Atty., Don J. Hernandez, Chief Deputy City Atty., Joyce M. Gerdes, Asst. City Atty., New Orleans, for defendants/appellees.
Before SCHOTT, C.J., and WARD and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Ruth Helgert appeals a trial court judgment in favor of defendant City of New Orleans, claiming that evidence presented at trial showed that the City was strictly liable and that the City had constructive notice of a defect in a City sidewalk which caused her injuries.
Mrs. Helgert suffered a dislocated right elbow about 5 p.m. May 27, 1986 when she fell on her arm after the sidewalk collapsed underneath her in front of the parking lot for the Maple Gardens Restaurant near the intersection of Maple and Adams streets in *395 Uptown New Orleans. The plaintiff and her friend who witnessed the fall testified at trial that she was not distracted and she was watching where she was going when the accident happened. They said that there were cracks in the sidewalk when they started walking across the area, but no potholes. After the fall, there was a hole in the sidewalk where she had fallen.
Wayne Gravois, an architect, testified that he inspected the sidewalk on October 13, 1987, some 18 months after the accident, and concluded that the collapse was caused by two things: (1) the absence of reinforcement in the sidewalk itself and (2) the traffic which crosses the sidewalk to park in the restaurant parking lot. He stated that initially small line cracks had developed in the sidewalk, but that these had probably developed into a potentially-dangerous condition prior to the accident. Mr. Gravois also said that the pothole had existed for at least a year at the time of his inspection.
Michael Donnelly, field coordinator for the City of New Orleans and overall supervisor in the Maintenance Division in the Department of Streets, stated at trial that the department had had no complaints concerning the sidewalk anywhere around the intersection of Maple and Adams streets for at least six years prior to trial. He stated that although the department no longer operates a sidewalk division, it does take complaints on sidewalks, which at that time were referred to property owners.
Normally, the owner of defective property which causes injury to a plaintiff is liable for the injuries under the strict liability provisions of La.C.C. art. 2317, which states, in pertinent part, as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
We note that the plaintiff successfully proved at trial that a defect existed in the sidewalk at the site of her fall.
The legislature of the State of Louisiana, however, passed LSA-R.S. 9:2800, to limit municipal liability. It provides as follows:
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
On the basis of the above provisions and his finding that there was no evidence that the City had actual or constructive notice of any defect in the sidewalk at the location where the accident occurred, the trial judge ruled in favor of the City of New Orleans. The plaintiff makes one assignment of error that the trial judge erred because "sufficient testimony was presented at trial to render a judgment in favor of plaintiff." Her brief is designed to show that an appellate court can reverse a trial judge's ruling despite the manifest error rule. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). She presents the following two-part test for appellate review of facts: (1) The appellate court must find from the record *396 that there is a reasonable factual basis for the finding of the trial court and (2) The appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).
We find that the ruling in the instant case cannot be reversed because there was no manifest error. Arceneaux, supra. Using appellant's own two-part test, we find specifically that there is a reasonable factual basis in the record for the trial court's finding and that the record establishes that the finding is not clearly wrong. In fact, the trial judge's conclusions in the instant case are manifestly correct. The City could not have had actual or constructive notice of the condition which caused the plaintiff's fall because the hole did not exist until the sidewalk collapsed while plaintiff was walking over it. According to the plaintiff's own testimony, the defective condition of the sidewalk did not manifest itself until she walked across the cracked area and the sidewalk crumbled. The pothole at the site was created when she fell. Also the evidence indicated that the City had no notice of the "normal" cracks in the sidewalk which the plaintiff said existed before she walked over the area. Therefore, under the provisions of LSA-R.S. 9:2800, the City cannot be held liable for plaintiff's injuries.
In brief, the plaintiff places special emphasis on Mr. Gravois' testimony that the pothole where the accident occurred had been in existence for at least a year. Plaintiff implies that the existence of the condition for at least a year in itself is enough for the trial court to find constructive notice of the defect. However, the testimony is clear that the architect's testimony was to the effect that the pothole had been in existence at least a year at the time of the inspection, which did not occur until some 18 months after the accident. See Trial Transcript, p. 24. Obviously the hole had been in existence at least a year at the time of Mr. Gravois' inspection since it was created when the sidewalk collapsed on the day of the plaintiff's accident, some 18 months prior to the inspection.
We note that the plaintiff does not assert a cause of action against the City for alleged negligence. The plaintiff's only cause of action against the City is in strict liability, which triggers the application of LSA-R.S. 9:2800.
For the foregoing reasons, the judgment of the trial court in favor of the City of New Orleans and against plaintiff Ruth Helgert is affirmed.
AFFIRMED.