557 So.2d 356 (1990)
Gertrude CARR
v.
BOH BROTHERS CONSTRUCTION COMPANY, INC.
Consolidated with
Michelle CARR, etc.
v.
SEWERAGE & WATER BOARD, et al.
Nos. 89-CA-0926, 89-CA-0927.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1990.
Writs Denied April 6, 1990.
*357 Wayne H. Carlton, Jr., Orlando G. Bendana, New Orleans, for appellant.
Richard S. Vale, Blue, Williams & Buckley, Metairie, for defendant-appellee.
George R. Simno, III, New Orleans, for defendant-appellant Sewerage and Water Bd.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
BYRNES, Judge.
Defendant, Sewerage and Water Board of New Orleans (S & WB) and plaintiff, Gertrude Carr, appeal a judgment finding the S & WB solely liable for personal injuries to Gertrude, Michelle and Christina Carr.
On March 20, 1987, Boh Brothers Construction Company, Inc. (Boh Brothers) was working on a project for the City of New Orleans, replacing old drainage, sewerage and water pipes as well as resurfacing streets in the area of the Carr residence at 2716 Madrid Street. Boh Brothers employees were working in the 2700 block of Madrid in the morning but were gone when Michelle came home around noon. She discovered that she had no water to wash. When her mother, Gertrude Carr, returned home and discovered that her neighbors had water, Gertrude telephoned the S & WB to report her water was off around 4:00 p.m. Later, Gertrude Carr called the S & WB again when water began to appear on the street. Thereafter, around 4:30 p.m., Gertrude, Michelle and her child, Christina, got into the vehicle and attempted to back out of the driveway. When the car went into a hole, a jolt occurred, causing injuries to the plaintiffs. Gertrude got out of the car and stepped into a hole, sinking up to her buttocks and receiving further injuries. The investigating police officer arrived at approximately 5:50 p.m. and left about 6:20 p.m. Later that evening the S & WB repaired the water line. Gertrude Carr filed a personal injury action against Boh Brothers. Michelle Carr, individually and on behalf of her minor child, Christina, filed a personal injury action against the S & WB, Boh Brothers, as well as XYZ and ABC Insurance Companies. Third-party demands and cross-claims were filed by the defendants for indemnity and alternatively contribution from each other. Thereafter, the suits were consolidated. After a bench trial on December 12-13, 1988, the district court awarded $33,666.00 to Gertrude Carr, $1,725 to Michelle Carr, as well as $328 to Michelle as tutrix of the minor child, Christina Carr.
On appeal, the S & WB claims that the trial court erred in (1) finding it solely liable when the S & WB did not have a reasonable opportunity to remedy the defect; (2) in not finding Boh Brothers solely liable. Gertrude Carr appeals, contending that both the S & WB and Boh Brothers were at fault in causing her injuries. She preserves her rights against Boh Brothers should they be found solely at fault.
To prove strict liability under La.C.C. 2317, the injured party must show:
(1) that the thing he complains of was in the care or custody of the defendant;
(2) the existence of a vice or defect in the thing; and
(3) that his injury was caused by the vice or defect.
Loescher v. Parr, 324 So.2d 441, 449 (La. 1975); Levie v. Orleans Parish School *358 Board, 537 So.2d 351 (La.App. 4th Cir. 1988), writ denied, 538 So.2d 616 & writ denied, 538 So.2d 617 (La.1989). To recover for a claim of negligence under La.C.C. Art. 2315, the plaintiff must also establish that the defendant had actual or constructive notice of the existence of the defective condition. Louisiana R.S. 9:2800 limits liability of public entities under La.C.C. Art. 2317 by requiring active or constructive notice of the defect as well as the fact that the public body has had a reasonable opportunity to remedy the defect but has failed to do so.
The parties do not dispute that the break in the water pipe caused the water to rise, resulting in the ultimate injuries to the Carrs. What is contested is the duties of the respective parties and what caused the break: normal wear and deterioration of the ¾ inch thirty-year old water pipe; the backfilling operation performed in refilling sand in the trench in the 2700 block of Madrid Street; or the combination of both.
The trial court found insufficient proof to establish any fault on the part of Boh Brothers. That Court noted that the S & WB "owns and maintains the underground piping which provides water, drainage and sewerage for the dwellings in the area. Absent any work in the area, the Board is responsible for the integrity of the water supply system and has a duty to prevent the occurrence of unreasonably dangerous conditions in the event of a failure in the system. La.R.S. 33:4071."
According to Boh Brothers superintendent Joseph Williams, Jr., there was no water observed on the street when his crew left around 3:30 p.m. He opined that the water would come up on the street in just a few minutes. However, Percy Mack, who was in charge of the S & WB emergency crew who repaired the water pipe, testified that it would have taken two to three hours for the water to fill the trench and appear on the surface if the pipe broke pointing down.
There were other discrepencies in the testimony of both witnesses. The photograph described at trial depicted the car next to an open trench near its right rear with a flag and barricade on the adjacent property. The conclusion is that the work had been completed in front of the Carr home and a trench had been dug next door for work to be completed on the next workday. Joseph Williams stated that the Boh Brothers crew was working across or further down the street from the Carr home. However, Mr. Williams could not find the Carr residence when he returned later. Using a saw, Williams had cut a ¾ inch water line to put in a trench box by placing boards down to protect the workers in the trench where the depth was over six feet. Williams testified that he repaired the line before backfilling the trench. The evidence did not establish whether that particular pipe was the one that broke and caused the water to rise on the street. Percy Mack, testifying for the S & WB, noted that the pipe broke about 20 feet from the Carr property. He asserted that it was customary for the S & WB to repair pipes when broken by others; however, S & WB did not bill Boh Brothers.
We conclude that Boh Brothers was working in the area and that the backfilling process weakened the deteriorated pipe. The pipe, weakened from the piling of sand, did not break immediately but later during the day. Based on this determination, we consider the obligations of the respective parties.
It is the duty of one doing construction work to properly label, mark, or barricade places in the construction site that present an unreasonable risk of harm to persons using the area. Raziano v. Lincoln Property Company, 520 So.2d 1213 (La.App. 5th Cir.1988). The record indicates that the barricade and flags in front of the Carr driveway had been removed and sand filled in the driveway on March 20, 1987. The barriers belonged to Boh Brothers, who was responsible for reopening the driveway. We find that Boh Brothers is strictly liable for the defect that presented an unreasonable risk of harm and caused the injuries to the plaintiffs.
The Sewerage and Water Board has the responsibility to maintain and repair the *359 underground water system under La.R.S. 33:4071. However, to incur liability, that public entity must have received actual or constructive notice and the reasonable opportunity to remedy the defect under La. R.S. 9:2800. Helgert v. City of New Orleans, 537 So.2d 394 (La.App. 4th Cir.1988), writ denied, 538 So.2d 616 (La.1989). Boh Brothers avers that the S & WB had notice of a pipe breaking in the area the month before and had ample time to remedy the situation. The S & WB was attempting to have the pipes replaced in the area and had contracted with Boh Brothers for that purpose. Gertrude Carr notified the S & WB twice that she had no water and then water was coming up on the street after she returned home around 4:00 p.m. on March 20, 1987. The accident occurred about 4:30 p.m. We cannot find that the S & WB had a reasonable opportunity to repair the pipe before the Carrs were injured. Therefore, the S & WB cannot incur liability.
Upon review of the entire evidence, we are left with the firm conviction that the trial court was clearly wrong in (1) failing to find Boh Brothers was strictly liable and (2) finding that the S & WB was liable. The parties do not contest the amount of damages awarded.
For the above reasons, we reverse the judgment of the district court and render judgment in favor of the S & WB, dismissing plaintiffs' claims with prejudice. We further render judgment against Boh Brothers Construction Company in favor of the plaintiffs and award damages in the amounts decreed by the district court, with costs assessed to Boh Brothers.
REVERSED AND RENDERED.