GOTHARD, Judge.
This case arises from a slip and fall on the right-of-way of a parish street. The injured plaintiff appeals judgment in favor of the defendants.
On the evening of August 24, 1985, Tammy Gros had driven to the “Old Winn-Dixie” shopping center in Luling, intending to meet a friend at the Executive II Lounge. She found the shopping center parking lot to be full and parked in a small lot across the adjoining street. Instead of walking on the street to the paved area of the shopping center, which was raised above the level of the street, she attempted to walk up the sloping strip of grass on the right-of-way. She testified that she had seen a man coming down what looked like a pathway on the grass. When she attempted to climb, she fell and severely injured her ankle.
*997 On August 25, 1986 Ms. Gros filed suit against a number of defendants for negligence. Her claims against all defendants except St. Charles Parish and its insurer, Great Global Assurance Company, were settled and/or dismissed before trial, which was held before a judge on September 19, 1991. The case was taken under advisement and judgment in favor of the two defendants was signed on January 9, 1992. This appeal followed.
The appellant alleges that St. Charles Parish is liable under a theory of strict liability and raises the following issues: whether the trial court properly applied the law regarding strict liability for a municipality and whether the plaintiff sustained her burden of proof, in view of her uncon-tradicted evidence.
Proof of strict liability on the part of a public entity is governed by LSA-C.C. art. 2317, as modified by LSA-R.S. 9:2800. The plaintiff must prove the existence of a defect in a thing in the care or custody of the public entity, that the defect caused an unreasonable risk of harm, and that the injury was caused by the defect. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981). Effective July 12, 1985, the enactment of LSA-R.S. 9:2800 required that the public entity have actual or constructive notice of the particular defect prior to the accident. See Helgert v. City of New Orleans, 537 So.2d 394 (La.App. 4 Cir.1988), writ denied 538 So.2d 616 (La.1989); Fragata v. City of Rayville, 557 So.2d 1118 (La.App. 2 Cir.1990), writ denied 561 So.2d 103 (La.1990).
The trial judge stated in his “Judgment With Reasons” that, although there was no doubt that the strip of grass was in the care or custody of St. Charles Parish, the plaintiff failed to prove the existence of a defect. The plaintiff attempted to show that her fall was caused by a hole in the pathway.
The appellant argues that Ms. Gros’s testimony was unrebutted as to the existence of a “wash-out” between the roadway and shopping center and of a dangerous hole in the washout. Renee Matherne, the then owner of the lounge, testified that the place Ms. Gros walked up was one of several washouts on the strip, caused by water draining. Although they resembled pathways, he had not seen anyone walking on them. Matherne came to help Ms. Gros after her fall and did not inspect the area for a hole.
Ms. Gros’s testimony at trial indicates that she was unaware of having stepped into a hole at the time of the fall. Her description of the event is as follows:
... [Tjhey had a little pathway that went on the side of the building on the grassy area. And they had a guy that was coming down and I told him hi. So I went — he went on. So I come up to the grassy area. So I went to step up and my foot slipped and it turned almost all the way around. So I went to get up and I couldn’t....
Cross examination produced the following interchange:
Q. Was there anything that you noticed in the pathway that would have caused you to slip or fall?
A. No, sir. Not at that time.
Q. All right. Was there any time when you did notice something in the pathway—
A. No, sir. Just—
Q. —that could have caused you to fall?
A. —that it was a worn pathway everybody used.
Q. Now, after you fell, did you notice anything about that path?
A. No, sir
Q. That was — All right. Was there any grass growing around the ground — the path?
A. They had some grass but not much. It was more like dry mud.
Ms. Gros admitted that there was sufficient light for her to see.
The plaintiff introduced into evidence several photographs of the area, indicating a depression in the strip. She estimated that one and a half to two years had elapsed between the accident and the day the pictures were taken and that the area looked different.
*998 Mr. Charles Camp, an expert surveyor, testified for the plaintiffs that he performed a survey to determine whether the area of the accident was within the Parish right-of-way or on private land. Ms. Gros showed him where she fell and he discovered a partially filled hole on the spot. He also took pictures showing the presence of a hole. These pictures were taken four and one-half years after the accident. Neither Ms. Gros’s earlier photographs nor Mr. Camp’s testimony and photographs showing the presence of a hole at the accident site are probative of the condition of the site at the time Ms. Gros fell.
Without a finding that a defect in Ms. Gros’s path existed and caused her to fall, her claim of strict liability must fail. The factual finding of a trial judge may not be disturbed on review except in the case of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). We find no error in the judge’s determination that the plaintiff failed to carry her burden of proof and we affirm the judgment.
AFFIRMED.