671 So.2d 973 (1996)
Elmira TOLEDANO
v.
SEWERAGE AND WATER BOARD OF the CITY OF NEW ORLEANS.
No. 95-CA-1130.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*974 Don J. Hernandez, John D. Lambert, Jr., Jacob Taranto, III, New Orleans, for Defendant/Appellant.
Louis A. Gerdes, Jr., New Orleans, for Plaintiff/Appellee.
Before BYRNES, LOBRANO and MURRAY, JJ.
BYRNES, Judge.
The Sewerage and Water Board of New Orleans ("S & WB") appeals a judgment in favor of plaintiff Elmira Toledano for injuries sustained when her automobile fell into a depression in the street when she was parking. We affirm.
On November 5, 1990 at approximately 9:00 a.m. Elmira Toledano was parallel parking her car in the 2100 block of St. Bernard Avenue when her car went into a hole. S & WB had worked in that area between October 20-26, 1990.[1] S & WB dug a hole twelve feet deep to repair a sewerage pipe. The excavation included trenching, and the hole was shored for the workers' safety. After fixing the sewer pipe, S & WB workers filled the hole with river sand, leaving two barricades on October 26, 1990. S & WB maintenance supervisor, Herbert Smith, testified that on November 1, 1990 workers used one-inch stones made of limestone to cover the area. He explained that none of his "cuts" sink because he double packs them. Smith stated that the S & WB truck rolled back and forth over the area to make sure it was secure, level with the street, and safe for vehicular traffic. Mr. Smith related that he left the barricades on the curb to be picked up the next day. The record shows that the Paving Department paved the street with asphalt or blacktop in the area on February 19, 1991.
On November 1, 1991 Elmira Toledano filed a petition for damages, claiming that S & WB's negligence caused plaintiff's injuries. After a bench trial, the trial court awarded plaintiff $6,000 for general damages, $1,675 for medical expenses, court costs, and an expert fee of $300 for Dr. McKenna. S & WB's appeal followed.
S & WB contends that it was not negligent; or if negligence did exist, that S & WB was not liable because it had no actual or constructive knowledge of any hazardous condition. S & WB maintains that the plaintiff must prove that the public entity had actual or constructive notice of the vice or defect for negligence under La. C.C. art. 2315 or for strict liability under La. C.C. art. 2317 pursuant to La. R.S. 9:2800.
S & WB asserts that in Ryland v. Liberty Lloyds Ins. Co., 93-1712 (La. 1/14/94), 630 So.2d 1289, the Department of Transportation and Development ("DOTD") was not liable for the death of a driver in a motor *975 vehicle collision on the highway because DOTD did not breach its duty to maintain the highway in a reasonably safe condition. The Louisiana Supreme Court found that the plaintiffs failed to prove that a substandard condition of the roadway was a cause in fact of the accident where there was no evidence that the roadway blemishes [two small potholes and fractures in the road] caused the defendant's vehicle to cross the center line. That case involved potholes and fractures which occurred over a period of time whereas in the present case the S & WB actually created the hole by excavating the area to repair a sewer pipe.
In Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289 (La.1993), the public body was negligent for failing to provide adequate warning that a canal gate was descending onto a fishing boat. The Louisiana Supreme Court stated:
The court of appeal correctly analogized the duty of the parish in maintaining the gate on the well-traveled canal as being similar to the duty of a governmental authority in maintaining streets and highways. The parish had the duty to provide adequate signing, marking and warnings to alert boat operators traveling on the canal to unusual, perilous and unexpected hazards [citation omitted]. The court of appeal erroneously determined, however, that the parish had no duty to provide warnings in this instance because it was not proved that the parish had knowledge of any danger presented by the gate and its manner of operation. Cited as authority were cases where defects developed after construction of the facility, such as where a sign had been removed or where a defect developed over a period of time. These cases and their requirement of knowledge are not applicable where the need to provide warnings arises from a danger inherent in the design and construction of the facility. A public body charged with maintaining a public route cannot claim lack of knowledge of the need to provide warnings where the danger is obvious and inherent in the design and construction of the facility. A public body is held to know of the danger of an unmarked intersection, or a sharp curve, or a draw bridge, or as in this case, a gate that raises and lowers automatically so as to block a canal used by boat operators. Likewise, the public authority must provide adequate warnings of unusual obstructions or perilous conditions so as to make the route reasonably safe for those traveling on it.
[Emphasis added.] Faucheaux, id., 615 So.2d at 293.
In Lenoir v. Sewerage and Water Bd. of New Orleans, 535 So.2d 490 (La.App. 4 Cir. 1988), writ denied, 540 So.2d 332 (La.1989), S & WB was negligent where the condition of the sidewalk was consistent with work recently undertaken by S & WB in correcting the situation which required excavation in the vicinity of a clean out. The trial court found that the S & WB had knowledge because it was responsible for recently making or creating the hole where the plaintiff fell.
In the present case the incident did not occur in an area where a pothole developed over a period of time, which requires notice and a reasonable opportunity for the public entity to remedy the defect although the public entity fails to do so under theories of negligence or strict liability pursuant to La. R.S. 9:2800. Here, S & WB performed the excavation so that it created the defective condition of the hole or depression into which the plaintiff's vehicle fell. Because the S & WB recently created the defect by its own substandard conduct, it is presumed to have knowledge.
S & WB's maintenance supervisor Herbert Smith testified that if a car parked in the area, it could make the limestone come out by making the tires spin and causing the "cut" [surface] to go down. The danger that the surface could go down is obvious and inherent in the placement of stones over the area until the street was paved with asphalt or blacktop. Mr. Smith stated that on November 1, 1990, after the S & WB workers placed limestone over the river sand, he left the barricades on the curb to be picked up the next morning. The accident occurred on November 5, 1990.
*976 S & WB is responsible for construction, control, maintenance, and operation of public water, sewerage and draining systems under La. R.S. 33:4071. It is the duty of one doing construction work to properly label, mark or barricade places in the construction site that present an unreasonable risk of harm to those in the area. Carr v. Boh Bros. Const. Co., Inc., 557 So.2d 356 (La.App. 4 Cir.1990), writs denied, 559 So.2d 1353 (La.1990). In the present case the evidence shows that the barricades were removed immediately after the limestones were placed in the area. Although a S & WB truck allegedly ran over the area to pack the surface, the early removal of the barricades caused the area to appear safe, which it was not. Four days thereafter, plaintiff's accident occurred. Because S & WB is presumed to have knowledge because it recently created the excavation, and it did not provide adequate warning, S & WB is negligent and liable for the defect that presented an unreasonable risk of harm and caused the injuries to the plaintiff.
The parties did not contest the amount of damages awarded.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] There is a discrepancy as to whether S & WB began the excavation in the area either on October 20 or 22, 1990.