## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2009

No. 09-30553
Summary Calendar

Charles R. Fulbruge III
Clerk

JAMES OFFORD; PATRICIA OFFORD,

Plaintiffs – Appellants

v.

L & W SUPPLY CORPORATION, doing business as Seacoast Supply,

Defendant – Appellee

v.

AMERICAN CASUALTY COMPANY,

Intervenor – Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-8704

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

James Offord appeals the district court's grant of summary judgment in favor of defendant L&W Supply Corporation d/b/a Seacoast Supply ("Seacoast") on his negligence claim. We affirm for the following reasons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## BACKGROUND

James Offord injured his head and spine when he fell off the trailer bed of an eighteen-wheeled truck. His employer, Western Express, had been hired by United States Gypsum Corporation ("Gypsum") to deliver sheetrock to Seacoast. Seacoast's employees were responsible for unloading the sheetrock from Offord's truck, but Offord had to first remove the tarps used to cover the load. Offord climbed on top of the load to remove one of the tarps, slipped on a wet plastic sheet, and fell to the ground below. Although he received workers' compensation benefits from his employer, Offord sued both Gypsum and Seacoast for additional damages. The district court entered summary judgment in favor of Seacoast and Gypsum on all claims. Offord now appeals the district court's grant of summary judgment in favor of Seacoast only.

## STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*." *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## DISCUSSION

Offord contends that Seacoast unreasonably failed to warn him not to climb on top of his truck, provide him with safety "fall" equipment, or otherwise help him remove the tarp. He also asserts that Seacoast had a duty to "inform and require plaintiff to follow [Seacoast's] safety rules," which prohibit climbing on top of trucks to remove tarps, and to follow OSHA guidelines. Though Offord

mainly contends that Seacoast is independently liable for failing to provide him with a safe work environment, he begins by arguing that Seacoast is vicariously liable for, presumably, his employer's negligence.

Under Louisiana law, a principal is generally not liable for the torts of its independent contractors. *See, e.g., Roberts v. Cardinal Servs. Inc.*, 266 F.3d 368, 380 (5th Cir. 2001), *cert. denied*, 535 U.S. 954, 122 S.Ct. 1357 (2002). There are two exceptions to this rule. A principal may be liable if (1) it maintains operational control over the injury causing activity or (2) the activity is ultrahazardous. *Id.* The district court found that neither exception was implicated. On appeal, Offord argues that the first exception applies because "Seacoast exercises complete control of the loading and unloading of loads."

Nothing in the record indicates that Seacoast controlled the manner in which Offord was to complete his work. As the district court noted:

> [T]he facts presented . . . establish only that Seacoast ordered a load of sheetrock from U.S. Gypsum, that U.S. Gypsum contracted with Western Express to deliver the sheetrock to Seacoast, that Western Express employees covered the load with plastic tarps for weather protection, and that Seacoast employees would accept and unload the sheetrock if its condition was found satisfactory upon inspection. [Seacoast's] standard procedure was simply to provide adequate space for untarping, and otherwise rely upon the expertise of the delivery drivers to accomplish this task in accordance with their training, their employer's directives, and any requirements imposed by the contractual arrangement between the shipper and transportation company.

The district court further noted that Offord, "not someone at Seacoast, decided how to remove the tarp" and "that no one forced or directed him to climb up on the load or did anything that caused him to be on the load." These findings are supported by the record. The district court was therefore correct to hold that

3

Seacoast should not be held vicariously liable for Offord's injuries.

The district court was also right that Offord has not established any independent fault on Seacoast's part. "Generally, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on the premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Manning v. Dillard Dep't Stores, Inc.*, 753 So. 2d 163, 165 (La. 1999). The extent of that duty is determined by the particular facts of the individual case. *Crane v. Exxon*, 613 So. 2d 214, 221 (La. Ct. App. 1992). Offord argues that Seacoast negligently failed to provide him with safety equipment and help removing the tarp. In support, he cites several cases in which a principal assumed the duty to provide a safe work environment by actively supervising its independent contractors. *Id.*; *Moore v. Safeway*, 700 So. 2d 831 (La. Ct. App. 1996). For reasons already discussed, these cases are distinguishable. There is no evidence that Seacoast controlled or actively supervised Offord's work. Offord points to no case imposing a duty on principals to provide safety equipment or assistance to its independent contractors, absent such a showing. *See Davenport v. Amax Nickel, Inc.*, 569 So. 2d 23, 28 (La. Ct. App. 1990) ("We are not aware of a Louisiana statute or jurisprudence which imposes a duty" on a principal to provide an independent contractor "with adequate fall protection.").

The Occupational Safety and Health Act standards, according to Offord, establish that Seacoast breached a duty of care to him. The duty of one employer to comply with OSHA standards for the benefit of another employer has only been recognized by this circuit in the multi-employer construction work site context. *Am. Petroleum Inst. v. OSHA*, 581 F.2d 493, 509 (5th Cir. 1978).

4

This court has rejected any such duty outside the multi-employer work site context. *See Horn v. C.L. Osborn Contracting Co.*, 591 F.2d 318, 321 (5th Cir. 1979); *Southeast Contractors, Inc. v. Dunlop*, 512 F.2d 675, 675 (5th Cir. 1975) (per curiam). Offord fails to brief whether such a worksite existed here and the record does not suggest that Seacoast acted as a general contractor. More importantly, Offord fails to identify any OSHA safety regulation that was potentially violated by Seacoast. These arguments are therefore waived. *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009).

Finally, Offord argues that Seacoast had the duty to warn him not to climb on the tarp. He cites several cases stating that "[i]t is the duty of one doing construction work to properly label, mark or barricade places in the construction site that present an unreasonable risk of harm to those in the area." *Toledano v. Sewerage & Water Bd.*, 671 So. 2d 973, 976 (La. Ct. App. 1996); *see also, e.g., Carr v. Boh Bros. Const. Co.*, 557 So. 2d 356, 358 (La. Ct. App. 1990). None of the cited cases impose a duty to warn on facts similar to those at issue. Indeed, none of these cases deal with a principal's liability for injuries sustained by an independent contractor. Consequently, these cases do not alter the court's conclusion that Offord has failed to show that Seacoast acted negligently.

## CONCLUSION

The district court correctly granted summary judgment in favor of Seacoast on Offord's negligence claim. AFFIRMED.